■ In the Matter of DHAIRYAVATI B. TRIVEDI, Appellant, v STATE BOARD OF LAW EXAMINERS, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered March 10, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel the State Board of Law Examiners to issue her a certificate of substantial educational equivalence. Petitioner, a permanent resident of the United States since 1976, obtained her legal education in India where she had practiced law for more than 10 years. She has already been granted permission to take the New York State Bar examination. In this proceeding, she challenges the respondent board's denial, conveyed by letter dated September 17, 1980, of her application for a certificate of substantial equivalence which, pursuant to 22 NYCRR 520.7 (b) (3), is a prerequisite to admission to the New York State Bar without examination. Following receipt of that letter, she continued to correspond with the board in an effort to persuade it to change its ruling. The board denied her counsel's request for an oral hearing, but agreed to consider petitioner's additional written arguments respecting her claim that she possessed the legal education required for admission on motion. Subsequently, on December 15, 1980, the board notified her once again that her interpretation of the Rules of the Court of Appeals relating to admission of attorneys who had studied law in foreign countries (22

NYCRR 520.5) was unacceptable. This proceeding was commenced on January 24, 1981. Thereafter, respondent's cross motion to dismiss, asserting, among other things, that the petition was time barred under CPLR 217 and jurisdictionally defective was granted. Petitioner appeals. The board's September 17, 1980 letter constituted a final determination from which the four-month Statute of Limitations ran. The ensuing correspondence between the parties, which was in effect an application for reconsideration, neither tolled the statute nor began anew the time within which review could be sought (*Matter of Qualey v Shang,* 70 AD2d 619, 621; see, also, *Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, affd 55 NY2d 613). Nor was the denial nonfinal because it was not preceded by a hearing, for none was required (*Matter of Pascual v State Bd. of Law Examiners,* 79 AD2d 1054, mot for lv to app den 54 NY2d 601). An additional and distinct ground for dismissing the petition exists. The notice of petition dated January 24, 1981 specifies February 6, 1981 as the return date. Failure to serve the notice of petition and petition at least 20 days prior to the return date is a jurisdictional defect mandating dismissal (CPLR 7804, subd [c]; *Matter of Ready-Mix & Supply Corp. v State Tax Comm.,* 63 AD2d 1044). Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.