SECOND DEPARTMENT, NOVEMBER, 1987

(November 2, 1987)

■ CHARLES S. BAUMBLATT et al., Respondents-Appellants, v DOLORES A. BATTALIA et al., Appellants-Respondents, and AR-THUR T. DALLAS et al., Respondents. (Action No. 1.) CHARLES S. BAUMBLATT et al., Appellants, v DOLORES A. BATTALIA et al., Respondents. (Action No. 2.)—In an action, *inter alia,* to recover damages for defamation, prima facie tort and intentional infliction of emotional distress (action No. 1), the defendants Dolores A. Battalia, Lee H. Bloom, Thomas R. Amlicke, Lawrence Lerman, Caroline Silverstone, Joseph Fisch and Stephen Altieri appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Weiner, J.), dated March 11, 1986, as denied those branches of the defendants' motion which were to dismiss the second and third causes of action insofar as they are asserted against the appellants-respondents on the ground of absolute privilege, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendants' motion which were to dismiss the entire complaint insofar as it is asserted against the defendant's Town of Mamaroneck and Arthur T. Dallas, and granted those branches of the motion which were to dismiss the first, fourth, fifth, sixth, seventh and eighth causes of action against all the defendants for failure to state a cause of action, and further denied the plaintiffs' cross motion for leave to file a late notice of claim, and in a subsequent action for similar relief (action No. 2), the plaintiffs appeal from an order of the same court (Dachenhausen, J.), dated April 7, 1986, which granted the defendants' motion to dismiss the complaint on the ground that there is another action pending between the parties, and denied the plaintiffs' cross motion, *inter alia,* for leave to serve a late notice of claim.

Ordered that the order dated March 11, 1986 is modified, on the law, by deleting the provisions thereof which denied those branches of the defendants' motion which were to dismiss the second and third causes of action in action No. 1 sounding in defamation as against the appellants-respondents, and substituting therefor provisions granting those branches of the

motion; as so modified, the order dated March 11, 1986 is affirmed, with costs payable by the plaintiffs to the appellants-respondents and the respondent Dallas appearing separately and filing separate briefs; and it is further,

Ordered that the order dated April 7, 1986 is affirmed, with costs to the respondents appearing separately and filing separate briefs.

In the two virtually identical lawsuits at issue herein, the plaintiffs are the Chief of Police of the Town of Mamaroneck and his wife. Chief Baumblatt, although he had no previous command or administrative experience, was elevated from detective sergeant to Chief in 1981, after his predecessor resigned under indictment. Prior to October 1984, the Mamaroneck Police Department was governed by a three-member, civilian, volunteer Board of Police Commissioners. Because there were continuing problems in the Department, the Town Board commissioned a study in 1982 which recommended that the full Town Board act as the Board of Police Commissioners for the next two years and that a further study be made at the end of that two-year period. In March 1984 the individual defendants, who are the Town Supervisor, members of the Town Board and the Town Administrator, appointed the defendant Joseph Fisch as Special Advisor for Police Affairs to conduct a study of the Police Department of the Town of Mamaroneck and make recommendations about the most effective form of supervision. From March through September 1984 Fisch interviewed present and former members of the Department including the Chief, the District Attorney and town officials, and submitted a report that contained over 40 recommendations for improvement. Based on many criticisms of Chief Baumblatt's leadership, the so-called Fisch report recommended that the Department be supervised by a full-time, paid professional Police Commissioner recruited from outside the Department. A summary of the Fisch report was made available to the public upon request, and, on October 3, 1984, at a regular town meeting of the Town Board, a hearing was held on a proposed local law to create the new position of Police Commissioner. Certain portions of the published report were read aloud at the meeting by Mr. Fisch. The proposed new law was enacted and the defendant Dallas was subsequently appointed to the new position of Police Commissioner.

Believing that his reputation and status in the community had been damaged by publication of the Fisch report in which statements appeared which criticized his leadership, the plaintiff Charles S. Baumblatt filed a notice of claim with the Town

of Mamaroneck as required by General Municipal Law § 50-e but well beyond the 90-day period after the claim arose. Despite this noncompliance with General Municipal Law § 50-e, the plaintiff served and filed the first complaint at issue here (action No. 1) on the town and the individual defendants, to recover damages for harassment, defamation, intentional infliction of emotional distress, civil rights violations, invasion of privacy, conspiracy and loss of services on behalf of his wife. As a matter of law, we hold that none of the claims asserted states a viable cause of action against any of the defendants.

The Supreme Court did not abuse its discretion in denying the plaintiffs' application for leave to serve a late notice of claim on the town since no excuse for the late filing has been offered and the town may well have been prejudiced in its ability to investigate the claim (see, General Municipal Law § 50-e [5]). Furthermore, the plaintiff failed to appear for examination on his original notice of claim as requested by the town's Attorney pursuant to General Municipal Law § 50-h and this failure bars the commencement of an action against the town (General Municipal Law § 50-h [5]). Therefore, the entire complaint was properly dismissed as against the town.

As for the plaintiffs' claims against the individual defendants in action No. 1, those sounding in prima facie torts (the first and seventh causes of action) are defective for the lack of any particularization of special damages (see, Beck v General Tire & Rubber Co., 98 AD2d 756, 758, lv dismissed 63 NY2d 603). With respect to the cause of action to recover damages for invasion of privacy, the only recognized cause of action for invasion of privacy in this State must allege the unauthorized use of a person's name or face for commercial purposes and these allegations do not appear in the sixth cause of action of the complaint in action No. 1 (see, Civil Rights Law § 51; Arrington v New York Times Co., 55 NY2d 433, 440, cert denied 459 US 1146). The fourth and fifth causes of action claiming intentional infliction of emotional distress are fatally deficient in that they do not allege " 'conduct exceeding all bounds usually tolerated by decent society' " (Fischer v Maloney, 43 NY2d 553, 557). And lastly, the claims made in the second and third causes of action that Chief Baumblatt was defamed, fail on the ground of privilege. The Town Supervisor and the other members of the Town Board enjoy an absolute privilege against a claim of defamation where, as here, the defamatory statements are made in the discharge of their

responsibilities about matters within the ambit of their duties *(see, Cosme v Town of Islip,* 63 NY2d 908, 909; *Clark v McGee,* 49 NY2d 613, 617). The defendant Fisch is entitled to at least a qualified privilege to make defamatory statements under similar circumstances and in the absence of malice *(see, Cosme v Town of Islip, supra,* at 909). The bare, unsupported and conclusory allegations in the complaint that the defendants' statements concerning the Chief's leadership of the Police Department exceeded the scope of their authority and were made maliciously, are insufficient *(see, Stukuls v State of New York,* 42 NY2d 272, 278-279). The causes of action sounding in defamation are therefore likewise dismissed. The eighth cause of action, Mrs. Baumblatt's derivative claim, must be dismissed as dependent on the other dismissed claims.

Action No. 2 was properly dismissed as duplicative of action No. 1 (CPLR 3211 [a] [4]). Therefore, the order dated April 7, 1986 is affirmed. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.