■ FORRICH TENNIS CORP. et al., Respondents, v NORMAN LEVIN et al., Appellants.—In an action for injunctive relief based on, *inter alia,* the defendants' alleged violation of General Business Law § 340, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated February 1, 1988, as (1) denied their motion to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (7), and (2) denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by adding a provision granting that branch of the defendants' motion which was to dismiss the fourth cause of action pursuant to CPLR 3211 (a) (7); as modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The plaintiff William Forray is a shareholder in the corporate plaintiff. The first three causes of action contained in the complaint are based upon allegations that the defendants engaged in assorted illegal business practices in violation of General Business Law § 340. The Supreme Court dismissed those causes of action insofar as they were asserted on behalf of the individual plaintiffs. However, the court left those causes of action intact insofar as they are asserted by the plaintiff corporation. The court also denied the defendants' motion to dismiss the fourth cause of action which charges that the defendants wrongfully induced a third party to exclude Forray from a tennis club.

On this appeal by the defendants, we find that the fourth cause of action does not state a basis upon which legal relief may be granted under New York law (CPLR 3211 [a] [7]). Forray has no cognizable legal right to enter this private club, nor did the defendants commit any recognized tort if, as alleged in the complaint, they importuned the club's owners to exclude him from it. Since the plaintiff Forray did not allege that he suffered special damages, no cause of action based on prima facie tort has been stated *(see, e.g., Baumblatt v Battalia,* 134 AD2d 226, 228; *Beck v General Tire & Rubber Co.,* 98 AD2d 756, 758, *lv dismissed* 63 NY2d 603).

We have examined the appellants' remaining contentions, which are addressed to the propriety of the court's denial of summary judgment with respect to the remaining cause of action asserted by the corporate plaintiff, and find them to be without merit. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.