■ BROADMEADOW LANES INC. et al., Appellants, v CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION et al., Respondents.—In an action to recover damages for injury to "reputation", the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated February 2, 1988, which granted the defendants' cross motion for summary judgment dismissing the complaint. The appeal brings up for review an order of the same court, dated May 12, 1988, which, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated February 2, 1988, is dismissed, as that order was superseded by the order dated May 12, 1988, made upon reargument; and it is further,

Ordered that the order dated May 12, 1988, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the amended complaint on the ground that the plaintiffs had failed to serve a notice of claim on the defendant Catskill Regional Off-Track Betting Corporation as required by Racing, Pari-Mutuel Wagering and Breeding Law § 514 (1), (5) and General Municipal Law § 50-e (1) (a) and (b). By its clear terms, Racing, Pari-Mutuel Wagering and Breeding Law § 514 applies to all actions for damages brought against a regional off-track betting corporation. Furthermore, General Municipal Law § 50-e (1) (a) applies to all cases founded upon tort, which is the basis for the instant action, against a public corporation, and General Municipal Law § 50-e (1) (b) applies to actions or proceedings commenced against an officer, appointee or employee of a public corporation where the public corporation is obligated to indemnify the officer, appointee or employee *(see, Butterfield v Board of Trustees,* 131 AD2d 963; *cf., Wyman v Zeltins,* 142 AD2d 913).

The defendants submitted an affidavit of the president of

the regional corporation and documentary proof that the corporation is a public benefit corporation obligated to indemnify its directors, and that the plaintiffs had not served the notice of claim required by law. The plaintiffs do not dispute these facts but attempt to avoid the consequences by asserting that the causes of action stated in the amended complaint are not covered by the above-mentioned statutes. The plaintiffs' argument is belied by the plain language of the amended complaint and the statutes. Accordingly, the court properly concluded that the defendants were entitled to summary judgment in their favor as a matter of law (CPLR 3212). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.