■ In the Matter of RAY GODDARD, Appellant. STATE BOARD OF LAW EXAMINERS et al., Respondents.—Order and judgment (one paper) of Supreme Court, New York County (Helen Freedman, J.), entered November 29, 1988, which denied and dismissed as time barred petitioner's petition for review of the June 16, 1988 determination of the respondent which denied petitioner's application for admission to the New York State Bar upon motion pursuant to 22 NYCRR 520.9, unanimously affirmed, without costs.

Petitioner graduated from the University of Baltimore Law School in 1954 and was admitted to Maryland State Bar that same year. In 1954 the University of Baltimore Law School was not an approved or accredited law school under then-existing New York law governing the admission of individuals to this State's Bar, as it was not approved by the American Bar Association or this State's Education Department. In 1954 the New York State Education Department's list of "approved" law schools included approximately 100 out-of-State schools. The University of Baltimore Law School did not

become an "approved" law school within the meaning of New York law until 1972.

Petitioner originally applied to the respondent Board for admission on motion pursuant to 22 NYCRR 520.9 in December 1984. That application was denied by letter dated January 4, 1985. Petitioner did not commence a proceeding for review of that determination but instead applied to the Court of Appeals pursuant to 22 NYCRR 520.12 for waiver of the requirement of strict compliance with the rules of admission. The Court of Appeals denied that application in March of 1985.

Petitioner submitted his request for admission to the respondent Board again in May of 1988. That petition was denied by letter dated June 16, 1988 and this proceeding ensued. The IAS court correctly denied and dismissed the petition as time barred. The January 1985 determination was a final determination. Petitioner's application to the Court of Appeals for waiver of strict compliance with the admission rules did not toll the applicable four-month Statute of Limitations set out in CPLR 217. As the second application to the Board was, as the court stated, merely a request for reconsideration based upon a different legal argument rather than on new evidence, it neither tolled nor began anew the time within which review of the original final determination could be sought. *(See, Matter of Trivedi v State Bd. of Law Examiners,* 86 AD2d 719, 720.) Concur—Ross, J. P., Carro, Asch and Rubin, JJ.