■ In the Matter of WILLIAM W. KOEPPEL, Appellant, v SOL M. WACHTLER, as Chief Judge of the Court of Appeals of the State of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to certify the petitioner to the Appellate Division, Second Department, for admission to the New York State Bar, and to review a determination dated April 12, 1990, denying his application for a waiver of the examination requirement of 22 NYCRR 520.6, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), entered April 12, 1991, which granted the respondents' motion pursuant to CPLR 3211 (a) (5) to dismiss the petition as barred by res judicata and the applicable Statute of Limitations.

Ordered that the order and judgment is affirmed, with costs.

Based on the petitioner's disability of dyslexia, the New York State Board of Law Examiners (hereinafter the Board) modified his testing conditions during the July 1984 New York State Bar Examination. In June 1985, after having failed the July 1984 New York State Bar Examination, the petitioner applied to the Court of Appeals pursuant to 22 NYCRR 520.12, for a waiver of the examination requirement as a

prerequisite to his admission to the practice of law in the State. Upon a review of the application, the Court of Appeals denied the petitioner's requested relief on or about June 27, 1985.

In October 1986 the petitioner commenced a plenary action seeking a declaration, *inter alia,* that application to him of 22 NYCRR 520.6, requiring successful completion of the bar examination before certification for admission to the bar, violated his rights to equal protection of the laws under the Federal and State Constitutions. Reasoning that the appropriate vehicle for a challenge to the determination of the Court of Appeals denying his application for a waiver of 22 NYCRR 520.6 was a proceeding pursuant to CPLR article 78, the trial court, by order dated April 20, 1987, dismissed the complaint as time-barred by the four-month Statute of Limitations applicable to such proceedings *(see,* CPLR 217). By order dated June 13, 1988, this court modified that order by reinstating the third cause of action of the complaint alleging a violation of Executive Law § 296 (1) (a) by the New York State Board of Law Examiners, and as so modified, affirmed the order dismissing the remainder of the complaint *(see, Koeppel v Wachtler,* 141 AD2d 613).

In December 1989 the petitioner, offering what he characterized as new evidence of his disability and his fitness to practice law, again applied to the Court of Appeals for a waiver of the bar examination requirement. By letter dated April 12, 1990, the court again denied his application. The court apparently did not conduct an investigation or any interviews in conjunction with the second application, nor does the record reveal whether it even considered the additional documentary evidence.

Within four months of this second denial, by petition dated May 14, 1990, the petitioner instituted the instant proceeding pursuant to CPLR article 78 to review the determination of the Court of Appeals. As in the previous action, the petitioner claimed that the court's denial constituted a violation of his Federal and State rights to equal protection of the laws. In the order and judgment appealed from, the court dismissed the proceeding on the ground that it was barred by res judicata and the Statute of Limitations.

We find that the court made the proper determination under the circumstances. The record reveals that what the petitioner characterized as "new" evidence on his second application to the Court of Appeals did not, in fact, provide

any new material or relevant information about his educational and intellectual qualifications to practice law, or about the specific limitations of his disability that prevented him from passing the written examination requirement.

Recognizing that the petitioner's second application to the Court of Appeals was for the same relief sought in the original application, and involved the same issues, the Supreme Court properly held that the instant proceeding was barred by res judicata and the applicable Statute of Limitations (see, Matter of Goddard [State Bd. of Law Examiners], 160 AD2d 197; Matter of Trivedi v State Bd. of Law Examiners, 86 AD2d 719), and properly dismissed it on that basis. Dismissal of a claim on Statute of Limitations grounds can constitute a dismissal on grounds "sufficently close to the merits" for claim preclusion purposes (see, Smith v Russell Sage Coll., 54 NY2d 185, 194; De Crosta v Reynolds Constr. & Supply Corp., 41 NY2d 1100, 1101). Sullivan, J. P., Harwood, Ritter and Copertino, JJ., concur.