■ In the Matter of JULIA CARDIA-ZALAMAN, Appellant, v BOARD OF EDUCATION OF THE ELMSFORD UNION FREE SCHOOL

DISTRICT et al., Respondents, et al., Respondents. [650 NYS2d 19] —In a proceeding, *inter alia,* to compel the respondent Board of Education of the Elmsford Union Free School District to restore the petitioner to her full-time teaching position, the petitioner appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Westchester County (Leavitt, J.), entered October 10, 1995, as granted the motion of the respondents Board of Education, Robert Pauline, Timmothy Brown, and Jeri Leibman to dismiss the petition insofar as asserted against them, and (2) so much of an order of the same court, entered February 8, 1996, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered October 10, 1995, is dismissed, as that order was superseded by the order entered February 8, 1996, made upon reargument; and it is further,

Ordered that the order entered February 8, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Board of Education of the Elmsford Union Free School District, Robert Pauline, Timmothy Brown, and Jeri Leibman are awarded one bill of costs.

The court did not err in determining that the petitioner's claims were barred by her failure to serve upon the Board of Education a timely notice of claim pursuant to Education Law § 3813 (1). The petitioner first served the Board of Education with a notice of claim on February 17, 1995, two days after the instant proceeding was commenced. The untimeliness of this notice of claim is a fatal defect, even if, as the petitioner argues, the Board of Education had actual notice of the petitioner's claims and suffered no prejudice as a result of her failure (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547-548). Moreover, neither the administrative notice of grievance nor the petition itself was sufficient to satisfy the notice of claim requirement, since these papers did not comply with the time and specificity requirements of Education Law § 3813 (1) (*see, Parochial Bus Sys. v Board of Educ., supra,* at 547).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.