■ Frank Zoll, Appellant, v Suffolk Regional Off-Track Betting Corporation, Respondent. [686 NYS2d 858] —In a proposed class action to recover damages for alleged breach of contract, the plaintiff Frank Zoll appeals from a judgment of the Supreme Court, Suffolk County (Hall, J.), entered March 20, 1998, which, upon the granting of the defendant's motion pursuant to CPLR 3211 to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

As used in betting, "breaks" refers to the rounding down of winnings to be paid out to winning bettors. In his complaint, the plaintiff alleges, inter alia, that effective October 16, 1994, Racing, Pari-Mutuel Wagering and Breeding Law § 527 was amended (L 1994, ch 281) to allow the defendant Suffolk Regional Off-Track Betting Corporation (hereinafter OTB) to compute breaks in a way that was more generous to winners, but that OTB nevertheless computed the breaks as it had prior to the effective date of the amended statute. The plaintiff, on behalf of himself and other winning bettors, seeks to recover from OTB the difference between what was paid out to winning bettors and what he claims should have been paid out had the breaks been computed pursuant to the amended statute.

It is well settled that the service of a notice of claim, the contents of which are statutorily prescribed, is a condition precedent to the commencement of an action against a municipal

corporation (*see, Davidson v Bronx Mun. Hosp.*, 64 NY2d 59; *Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539; *G.A. Contrs. v Board of Educ.*, 176 AD2d 856). While the failure to serve a notice of claim will not be fatal where the action is brought to vindicate a public interest, such was not the situation at bar, since the plaintiffs sought damages for the resolution of a private dispute (*see, Matter of Cayuga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 89 NY2d 395; *Doyle v Board of Educ.*, 230 AD2d 820; *Justy v New York City Off-Track Betting Corp.*, 199 AD2d 190; *Hermele v Union Free School Dist. No. 23*, 167 AD2d 512).

Racing, Pari-Mutuel Wagering and Breeding Law § 514 establishes that the notice of claim requirement applies to any action for "damages", not just tort claims based on injury to personal property, real property, and for personal injuries, as the plaintiff argues. In relevant part, Racing, Pari-Mutuel Wagering and Breeding Law § 514 (1) provides (emphasis supplied): "In every action against a corporation *for damages,* for injur[y] to real or personal property, or for the destruction thereof, or for personal injuries, the complaint shall contain an allegation that * * * [a] notice of claim was presented to the corporation". In *Quicksilver Assoc. v Catskill Regional Off-Track Betting Corp.* (213 AD2d 389) this Court construed this statute as being applicable to all actions for damages, including contract actions. The phrase "all actions for damages brought against an off-track betting corporation" is not subject to any exceptions based on the nature of the underlying legal theory (*Quicksilver Assocs. v Catskill Regional Off-Track Betting Corp., supra*, at 389; *Broadmeadow Lanes v Catskill Regional Off-Track Betting Corp.*, 151 AD2d 631; *see also, Justy v New York City Off-Track Betting Corp., supra*) and hence, the plaintiff's contention, that the notice of claim provisions of Racing, Pari-Mutuel Wagering and Breeding Law § 514 (1) are inapplicable to actions sounding in contract, is without merit (*see, Zoll v New York City Off-Track Betting Corp.*, 258 AD2d 267).

Accordingly, the court did not err in determining that the plaintiff's claim was barred by his failure to serve upon OTB a timely and proper notice of claim pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 514 (1), (2), and (5) (*see, Parochial Bus Sys. v Board of Educ., supra; Matter of Cardia-Zalaman v Board of Educ.*, 233 AD2d 391; *G.A. Contrs. v Board of Educ., supra*).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.