■ In the Matter of LAKE ANNE REALTY CORP. et al., Petitioners, v PLANNING BOARD, TOWN OF BLOOMING GROVE et al., Respondents. (Matter No. 1.) LAKE ANNE REALTY CORP., Appellant-Respondent, et al., Plaintiff, v TOWN OF BLOOMING GROVE et al., Respondents-Appellants. (Matter No. 2.) [691 NYS2d 173] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Building Inspector of the Town of Blooming Grove to issue a building permit (Matter No. 1), and a hybrid action, *inter alia,* for a judgment declaring that Lake Anne Realty Corp. and Marvin H. Greene have a vested right to expand a nonconforming use and a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Blooming Grove dated May 12, 1993, which, after a hearing, dismissed an appeal from a determination of the Building Inspector of the Town of Blooming Grove denying an application for a building permit (Matter No. 2), (1) Lake Anne Realty Corp. appeals, as limited by its brief, (a) from so much of an order of the Supreme Court, Orange County (LaCava, J.), dated April 15, 1998, as denied the motion of the plaintiffs/petitioners in the hybrid action/proceeding to amend

their complaint/petition, and (b) from an order of the same court, dated May 26, 1998, which denied the motion of the plaintiffs/petitioners, in effect, for reargument, and (2) the Town of Blooming Grove, Zoning Board of Appeals of the Town of Blooming Grove, and the Building Inspector of the Town of Blooming Grove cross-appeal from so much of the order dated April 15, 1998, as denied that branch of their cross motion which was for leave to renew their prior motion for summary judgment dismissing the complaint, which was denied by order of the same court (Carey, J.), dated September 28, 1993.

Ordered that on the Court's own motion, the notice of appeal and the notice of cross-appeal from the order dated April 15, 1998, are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated May 26, 1998, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 15, 1998, is affirmed insofar as appealed and cross-appealed from, on the law, without costs or disbursements.

Contrary to the contention of Lake Anne Realty Corp., the Supreme Court did not err in denying the motion to amend the complaint/petition to allege that the petitioners have a vested right to use property located in the Town of Blooming Grove for expansion of a bungalow community based on a bad faith administrative delay in determining a prior application concerning the same. As noted by the Supreme Court, the same claim was raised by the petitioners in a related Federal action and was dismissed by the District Court as time-barred (*see, Greene v Town of Blooming Grove* [US Dist Ct, SD NY, Kram, J., 87 Civ 0069]), and the dismissal of that claim was affirmed on appeal (*see, Greene v Town of Blooming Grove,* 879 F2d 1061). Accordingly, the Supreme Court properly denied the proposed amendment based on application of the doctrine of res judicata (*see, Smith v Russell Sage Coll.,* 54 NY2d 185; *Vavolizza v Krieger,* 33 NY2d 351; *McNaughton v Hudson,* 50 AD2d 863).

The Supreme Court properly denied that branch of the cross motion of the defendants/respondents which was for leave to renew their prior motion for summary judgment dismissing the complaint. S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.