■ In the Matter of C.A. KARMEL, Appellant, v JOSEPH M. DELFINO et al., Respondents. [740 NYS2d 373] —In a proceeding pursuant to CPLR article 78 to review a determination by the respondent Common Council of the City of White Plains dated October 2, 2000, granting the application of the respondent First Assembly of God Church for an extension of a site plan approval issued on August 2, 1999, the appeal is from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered February 21, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the municipal respondents.

The petitioner commenced a CPLR article 78 proceeding in 1999 to challenge the approval by the Common Council of the City of White Plains (hereinafter the Common Council), on August 2, 1999, of a site plan for the expansion of the First Assembly of God Church (hereinafter the church). That proceeding was dismissed on the grounds that the petitioner failed to join the church as a necessary party and the statute of limitations had expired (*see Matter of Karmel v White Plains Common Council,* 284 AD2d 464). In this proceeding, the petitioner challenges a determination by the Common Council on October 2, 2000, to extend for one year the site plan approval for the church's expansion.

A dismissal on statute of limitations grounds is considered a dismissal on the merits for claim preclusion purposes and bars a second action (*see Smith v Russell Sage Coll.,* 54 NY2d 185, 194; *Matter of Lake Anne Realty Corp. v Planning Bd., Town of Blooming Grove,* 262 AD2d 413, 414). The Supreme Court therefore properly determined that the proceeding was barred by the doctrine of res judicata insofar as the petition raised the same issues that were raised in the first CPLR article 78 proceeding (*see Incorporated Vil. of Laurel Hollow v Nichols,* 260 AD2d 439, 440).

The doctrine of res judicata does not bar the petition insofar as it raises issues with respect to the Common Council's decision to extend the site plan approval for a year. The petitioner contends that the extension was invalid and that public notice and a hearing were required on the church's application. The Supreme Court properly determined that these claims were without merit (*see Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52, 59). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.