■ COLD SPRING HARBOR AREA CIVIC ASSOCIATION, INC., et al., Appellants, v BOARD OF ZONING APPEALS OF TOWN OF HUNTINGTON et al., Respondents. [762 NYS2d 392] —In an action, inter alia, to enjoin the defendants from taking action in reliance upon a determination of the Board of Zoning Appeals of the Town of Huntington dated August 17, 2000, granting the defendants Jordan Iserman and BT & SH Restaurant Corp., doing business as The Inn on the Harbor certain variances, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered June 18, 2002, which, upon an order of the same court dated May 16, 2002, granting the defendants' separate motions pursuant to CPLR 3211 (a) (5) to dismiss the complaint, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the defendants Board of Zoning Appeals of the Town of Huntington and BT & SH Restaurant Corp., doing business as The Inn on the Harbor.

The plaintiffs commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, Suffolk County, entitled *Matter of Franco v Manzi* under Index No. 27220/00 to challenge the granting of certain variances by the Board of Zoning Appeals of the Town of Huntington (hereinafter the Board), on August 17, 2000, for the expansion of a restaurant owned by BT & SH Restaurant Corp., doing business as The Inn on the Harbor (hereinafter the Inn). That proceeding was dismissed on the grounds that the plaintiffs (the petitioners therein) failed to join the Inn and the property owner, Jordan Iserman, as necessary parties and that the statute of limitations had expired. In this action, commenced on September 27, 2001, the plaintiffs seek a judgment declaring that the determination by the Board on August 17, 2000, was null and void for lack of jurisdiction.

A dismissal on statute of limitations grounds is considered a dismissal on the merits for claim preclusion purposes and bars a second action (*see Smith v Russell Sage Coll.,* 54 NY2d 185, 194 [1981]; *Matter of Karmel v Delfino,* 293 AD2d 473 [2002]; *Matter of Lake Anne Realty Corp. v Planning Bd., Town of Blooming Grove,* 262 AD2d 413, 414 [1999]). The Supreme Court therefore properly determined that the instant action is barred by the doctrine of res judicata since the plaintiffs could have raised the present claims in the prior CPLR article 78 proceeding (*see Incorporated Vil. of Laurel Hollow v Nichols,* 260 AD2d 439 [1999]). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]; *see also Smith v Russell Sage Coll., supra; Couri v Westchester Country Club,* 186 AD2d 715 [1992]).

In light of the foregoing, we do not reach the plaintiffs' remaining contention. Ritter, J.P., Santucci, Feuerstein and Schmidt, JJ., concur.