■ In the Matter of MARISSA MARINO, Respondent, v NEW YORK CITY OFF-TRACK BETTING CORPORATION, Appellant. [785 NYS2d 481]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Richmond County (Mega, J.), dated September 30, 2003, which granted the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the petition in its entirety and substituting therefor a provision granting the petition only to the extent of granting leave to serve a late notice of claim to assert causes of action alleging intentional infliction of emotional distress and negligent hiring, training, and supervision; as so modified, the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim against the appellant, New York City Off-Track Betting Corporation (hereinafter the NYCOTBC), alleging, inter alia, that she suffered disability-related employment discrimination in violation of the New York Human Rights Law (see Executive Law § 296).

Racing, Pari-Mutuel Wagering and Breeding Law § 618 requires the service of a notice of claim as a condition precedent to any action to recover damages against the NYCOTBC (see Whitestone Shopping Ctr. v New York City Off-Track Betting Corp., 256 AD2d 331 [1998]). The rule applies to actions to recover damages for employment discrimination (see Justy v New York City Off-Track Betting Corp., 199 AD2d 190 [1993]).

However, Racing, Pari-Mutuel Wagering and Breeding Law § 618 does not contain any provision permitting the service of a late notice of claim (see Whitestone Shopping Ctr. v New York City Off-Track Betting Corp., supra). Further, while General Municipal Law § 50-e (5) permits a court to entertain a motion for leave to serve a late notice of claim in a tort action within the applicable period of limitations, "a cause of action under the Human Rights Law is not categorized as a tort for notice of claim purposes" (Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 170 [2001]; see Executive Law § 297 [9]).

As such, the Supreme Court should not have granted the petitioner leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) with respect to the cause of action alleging employment discrimination.

However, as General Municipal Law § 50-e (5) permits a court to entertain a motion for leave to serve a late notice of claim in a tort action within the applicable period of limitations, the Supreme Court properly granted leave to serve a late notice of claim as to the causes of action alleging intentional infliction of emotional distress and negligent hiring, training, and supervision. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.