■ Hilda Vanessa Compass et al., Appellants, v County of Nassau et al., Defendants, and Nassau Health Care Corporation, Respondent. [830 NYS2d 583]—

In an action, inter alia, to recover damages for negligent infliction of emotional distress, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered April 12, 2005, as denied that branch of their renewed motion which was for leave to serve a late notice of claim on the defendant Nassau Health Care Corporation and granted that branch of the renewed motion of the defendants Nassau Health Care Corporation and Nassau University Medical Center which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Nassau Health Care Corporation on the ground that the plaintiffs failed to serve a timely notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' renewed motion which was for leave to serve a late notice of claim on the defendant Nassau Health Care Corporation is granted, that branch of the renewed motion of the defendants Nassau Health Care Corporation and Nassau University Medical Center which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Nassau Health Care Corporation on the ground that the plaintiffs failed to serve a timely notice of claim is denied, and the plaintiffs' time to serve a notice of claim upon the defendant Nassau Health Care Corporation is extended until 30 days after service upon them of a copy of this decision and order.

The Supreme Court should have granted that branch of the plaintiffs' renewed motion which was for leave to serve a late notice of claim on the defendant Nassau Health Care Corporation (hereinafter NHCC) (*see* General Municipal Law § 50-e [1] [a]; [5]). The record shows that NHCC had actual knowledge of the essential facts of the claim within a reasonable time and suffered no significant prejudice as a result of the six-month delay (*see Matter of Robinson v Westchester County Med. Ctr.*, 270 AD2d 275 [2000]; *Matter of Charles v New York City Health & Hosps. Corp.*, 166 AD2d 526 [1990]). Moreover, the plaintiffs demonstrated a reasonable excuse for the delay by showing that they were preoccupied with contesting the sexual abuse charges against one of the plaintiffs resulting from NHCC's alleged negligence, and regaining custody of their children (*see Marchetti v East Rochester Cent. School Dist.*, 302 AD2d 930 [2003]; *Matter of McLaughlin v County of Albany*, 258 AD2d 778 [1999]). Notably, the plaintiffs were unable to commence an action on behalf of their infant children while the children were in the custody of the Department of Social Services (*see* CPLR

1201). Therefore, that branch of the plaintiffs' renewed motion which was for leave to serve a late notice of claim on NHCC should have been granted and the court should not have dismissed the complaint insofar as asserted against NHCC. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.