JAMES T. RAPOLI, Appellant, v VILLAGE OF RED HOOK et al., Respondents. [836 NYS2d 700]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, and pursuant to 42 USC § 1983 for civil rights violations, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated March 8, 2006, which granted the defendants' motion, inter alia, pursuant to CPLR 3211 (a) (5) and General Municipal Law § 50-i to dismiss the complaint as time-barred and on the grounds of res judicata and collateral estoppel.

Ordered that the order is affirmed, with costs.

On or about October 11, 2004 the plaintiff served a sworn and verified notice of claim on the defendants claiming injuries he allegedly sustained arising from his suspension from employment as a part-time police officer of the defendant Village of Red Hook. In the notice of claim, the plaintiff asserted, inter alia, that he was suspended, without pay, beginning in June 2002. On July 28, 2005 the plaintiff commenced the instant action, inter alia, to recover damages for intentional infliction of emotional distress, and pursuant to 42 USC § 1983 for alleged civil rights violations.

The Supreme Court properly dismissed the claims asserted in the complaint that sounded in tort as the plaintiff failed to timely serve a notice of claim pursuant to General Municipal Law § 50-e (1) (a) (*see e.g. Compass v County of Nassau,* 37 AD3d 752 [2007]; *Matter of Marino v New York City Off-Track Betting Corp.,* 12 AD3d 606, 608 [2004]; *Broadmeadow Lanes v Catskill Regional Off-Track Betting Corp.,* 151 AD3d 631 [1989]; *Baumblatt v Battalia,* 134 AD2d 226, 228 [1987]) and those claims were also time-barred by General Municipal Law § 50-i (1) (c). Moreover, the prior dismissal of a separate proceeding related to this matter, commenced by the plaintiff pursuant to CPLR article 78 (*see Matter of Rapoli v Village of Red Hook,* 29 AD3d 1007, 1008 [2006]), also mandated dismissal of the claims

sounding in tort under the doctrine of res judicata (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 194 [1981]; *Matter of Ferranti v New York City Prop. Clerk's Off.*, 6 AD3d 178, 179 [2004]; *Cold Spring Harbor Area Civic Assn. v Board of Zoning Appeals of Town of Huntington*, 305 AD2d 444, 445 [2003]; *Matter of Karmel v Delfino*, 293 AD2d 473 [2002]; *Matter of Lake Anne Realty Corp. v Planning Bd., Town of Blooming Grove*, 262 AD2d 413, 414 [1999]; *Matter of Koeppel v Wachtler*, 183 AD2d 829, 831 [1992]).

Although the claim asserted in the complaint pursuant to 42 USC § 1983 did not require service of a notice of claim (*see Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498, 499 [2002]; *Welch v State of New York*, 286 AD2d 496, 498 [2001]; *Lopez v Shaughnessy*, 260 AD2d 551 [1999]; *Matter of Rattner v Planning Commn. of Vil. of Pleasantville*, 156 AD2d 521 [1989]), such claim also was time-barred by the three-year limitations period governing such claims (*see Levine v McCabe*, 357 F Supp 2d 608, 614 [2005]; *Perez v County of Nassau*, 294 F Supp 2d 386, 389 [2003]).

The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.