In the Matter of KATHLEEN GUMKOWSKI, Individually and as Administratrix of the Estate of GREGORY GUMKOWSKI, Deceased, Respondent, v TOWN OF TONAWANDA (Incorrectly Named as Town of Tonawanda, Town of Tonawanda EMS and Town of Tonawanda Police Department), Appellant. [65 NYS3d 891]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 21, 2017. The order, inter alia, granted the application of claimant for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order that, inter alia, granted claimant's application for leave to serve a late notice of claim (*see generally* General Municipal Law § 50-e [5]). We affirm. In determining whether to grant such an application, Supreme Court should consider "whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (*Kennedy v Oswego City Sch. Dist.*, 148 AD3d 1790, 1790 [4th Dept 2017] [internal quotation marks omitted]; *see Matter of Turlington v Brockport Cent. Sch. Dist.*, 143 AD3d 1247, 1248 [4th Dept 2016]). The presence or absence of any given factor is not determinative of the application and, moreover, the factors are "directive rather than exclusive" (*Downey v Macedon*

*Ctr. Volunteer Fire Dept.*, 179 AD2d 999, 1000 [4th Dept 1992] [internal quotation marks omitted]). Absent a clear abuse of discretion, the court's determination should not be disturbed (*see Kennedy*, 148 AD3d at 1790; *cf. Matter of Darrin v County of Cattaraugus*, 151 AD3d 1930, 1931 [4th Dept 2017]). Contrary to respondent's contention, claimant has shown a reasonable excuse for the delay and that the delay did not cause respondent substantial prejudice (*see Matter of Pazienza v Westchester County Health Care Corp.*, 142 AD3d 669, 670 [2d Dept 2016]; *Downey*, 179 AD2d at 1000). We therefore see no reason to disturb the court's determination. Present—Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.