Sun v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

Lingfei Sun,

> *Plaintiff-Appellant*,

> v.                                                                                      18-2905

City of New York, New York City Health and Hospitals Corporation, Elmhurst Hospital, Sergeant Joseph Cunningham, Dr. Yuanfang Chen, Dr. Samuel Sostre, Dr. Shanwan Chen, Dr. Mihai Iordache, Dr. Yun Li, Dr. Hyekyung Lee, Dr. Richard Wang, Youdu Li, Qiyin Li, Linngor Tsang,

> *Defendants-Appellees*,

New York Police Department, P.O. Steven Grattan, P.O. Neil Zuber, P.O. Terrance Connelly, P.O. Hugo Dominguez, Jennifer Shaw, John Doe Tenant,

*Defendants*.[1]

FOR PLAINTIFF-APPELLANT:      Lingfei Sun, pro se, Elmhurst, NY.

FOR DEFENDANTS-APPELLEES:    Eva L. Jerome, Jane L. Gordon, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

   Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J*.).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** with instructions to dismiss surviving state law claims without prejudice.

   Appellant Lingfei Sun, proceeding pro se, appeals the district court's judgment dismissing her 42 U.S.C. §§ 1981 and 1983 and state law claims against a collection of defendants. Sun's claims arose from incidents that allegedly took place in August 2003, January 2005, March 2005, and July 2005, during which police officers removed her from her apartment and brought her to Elmhurst Hospital, where she was confined against her will. In 2006, Sun filed two actions in state court concerning these events, and the underlying federal action was filed in 2007. The district court stayed the federal action pending resolution of the state court proceedings, then lifted the

---

[1] The Clerk of Court is directed to amend the caption to conform to the above.

2

stay on April 18, 2017. Defendants moved to dismiss all of Sun's claims on claim preclusion grounds, and the district court granted the motion in a decision entered on September 12, 2018. Sun timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Sun appeals the district court's judgment insofar as it dismissed her claims against the following defendants-appellees: The New York City Health and Hospitals Corporation ("HHC") and Elmhurst Hospital, where Sun was allegedly confined; Doctors Yuanfang Chen, Samuel Sostre, Shanwan Chen, Mihai Iordache, Yun Li, Hyekyung Lee, and Richard Wang, who were allegedly employed by Elmhurst and involved in Sun's confinement; NYPD Sergeant Joseph Cunningham, who was allegedly involved in removing Sun from her apartment during one of the incidents above; Qiyin Li, Youdu Li, and Linngor Tsang, who are private individuals who were allegedly involved in Sun's removal from her apartment; and the City of New York.

Beginning with HHC, Elmhurst Hospital, Yuanfang Chen, Shanwan Chen, Mihai Iordache, Yun Li, Hyekyung Lee, and Richard Wang, we hold that the district court properly granted defendants' motion to dismiss on claim preclusion grounds. Sun raised identical claims against each of these defendants in state court in connection with her treatment at Elmhurst, and in an order dated August 3, 2011, the state court dismissed the claims after finding that some of Sun's claims were time barred and others were meritless. *See Sun v. City of New York*, 952 N.Y.S.2d 98, 100–01 (2d Dep't 2012). Because "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action," *Duane Reade, Inc. v.*

3

*St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010),[2] Sun was not permitted to renew these claims in federal court.[3]

Likewise, Sun is precluded from bringing her claims against Samuel Sostre. Although the August 3, 2011 order did not dismiss Sun's claims against Sostre—indeed, it appears that Sostre was never served in the state court action—the doctrine of collateral estoppel bars Sun's claims against Sostre in the instant case. "Under New York law, collateral estoppel prevents a party from relitigating an issue decided against that party in a prior adjudication." *Fuchsberg & Fuchsberg v. Galizia*, 300 F.3d 105, 109 (2d Cir. 2002). "It may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate." *Id.* Because the claims against Sostre are identical to those brought against the other doctors at Elmhurst, and because those latter claims were dismissed in a proceeding during which Sun had a full and fair opportunity to litigate, Sun's claims against Sostre also fail.

Sun is not precluded from bringing her claims against Cunningham, who was allegedly involved in removing Sun from her apartment during the January 2005 incident. Although the state court dismissed similar claims in an order dated July 2, 2013, the dismissal was based on Sun's failure to seek a default judgment within one year, *see* N.Y. C.P.L.R. § 3215(c), and "[a] dismissal under [§ 3215(c)] . . . is not on the merits unless the court specifically notes that it is a merits

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[3] "A dismissal on statute of limitations grounds is considered a dismissal on the merits for claim preclusion purposes and bars a second action." *Karmel v. Delfino*, 740 N.Y.S.2d 373, 374 (2d Dep't 2002).

dismissal . . . and does not bar a new action between the parties on the same cause of action," *Shepard v. St. Agnes Hosp.*, 446 N.Y.S.2d 350, 352 (2d Dep't 1982); *see, e.g.*, *Rodrigues v. Samaras*, 987 N.Y.S.2d 78, 81 (2d Dep't 2014). The state court's July 2, 2013 order did not state that its § 3215(c) dismissal was on the merits. Nonetheless, dismissal of Sun's claims against Cunningham in the present action was appropriate because Sun's complaint alleges only that Cunningham "made false arrest and falsely imprisonment of the plaintiff." Special App'x 18. These allegations are conclusory and fail to state a claim. *See Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011). Sun's claims against the City of New York likewise fail because she does not allege any municipal policy, custom, or practice that caused her injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

Ordinarily, we would not approve of dismissing a pro se complaint without giving the plaintiff an opportunity to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Leave to amend may be denied, however, where it appears that amendment would be futile or result in undue prejudice. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Given the lengthy history of this litigation and Sun's failure to clarify either the role that Cunningham allegedly played in the January 2005 incident or the basis for municipal liability, we conclude that this case presents an exceptional circumstance in which leave to amend is inappropriate.

Finally, with respect to Qiyin Li, Youdu Li, and Linngor Tsang, we respectfully disagree with the district court, which held that Sun's claims were precluded. As with Sostre, it appears that these defendants were never served and that Sun's claims against them were never dismissed in

5

state court. In contrast with Sostre's situation, however, the state court did not address identical (or even similar) claims to those brought against Qiyin Li, Youdu Li, and Linngor Tsang. In any event, it was appropriate to dismiss the federal claims that Sun brought against these defendants. Sun's claims under 42 U.S.C. § 1981 fail because Sun never alleged any cognizable form of discrimination. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). And Sun's claims under § 1983 fail because there is no allegation that Qiyin Li, Youdu Li, or Linngor Tsang acted under color of state law. *See Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010) (per curiam).[4]

This leaves Sun's state law claims against Qiyin Li, Youdu Li, and Linngor Tsang. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because all of Sun's federal claims were properly dismissed, "we vacate that portion of the district court's order dismissing with prejudice [Sun's] appealed state-law claims and remand the case with instructions to dismiss those claims without prejudice," *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006).

We have considered all of Sun's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**, except insofar as it dismissed with prejudice Sun's state law claims against Qiyin Li, Youdu Li, and Linngor Tsang. The dismissal of

---

[4] We conclude, moreover, that granting leave to amend would be inappropriate for reasons similar to those discussed in the context of Sun's claims against Cunningham and the City of New York.

those state law claims is **VACATED**, and the case is **REMANDED** with instructions to dismiss those claims without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7