Oxman v Diana (2025 NY Slip Op 04731)

Oxman v Diana

2025 NY Slip Op 04731

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-03794
 (Index No. 50395/20)

[*1]Marc S. Oxman, appellant,
v
Thomas Diana, et al., defendants, Edward Lachterman, respondent.

Oxman Law Group, PLLC, White Plains, NY (Julie Pechersky Plitt and Marc S. Oxman pro se of counsel), for appellant.
Harriton & Furrer, LLP, Armonk, NY (Urs Broderick Furrer and Kimberly A. Sanford of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated April 13, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Thomas Diana and Edward Lachterman which was for summary judgment dismissing the causes of action to recover damages for slander per se and libel per se insofar as asserted against the defendant Edward Lachterman.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Marc S. Oxman, is an attorney. The defendant Edward Lachterman was, at relevant times, a council member for the Town of Yorktown. In 2018, Lachterman, among others, filed a complaint against the plaintiff with the Grievance Committee for the Ninth Judicial District, alleging that the plaintiff represented a party in a taxpayer action commenced in 2017 against, among others, Lachterman and the Town, and subsequently became counsel for the Town while still representing the party in the taxpayer action. The Attorney Grievance Committee of the Appellate Division, First Judicial Department (hereinafter the Grievance Committee) ultimately disposed of the complaint by issuing an admonition to the plaintiff.
Thereafter, Lachterman, among others, released a media advisory to members of the press and to private individuals stating, inter alia, that the plaintiff had been "reprimanded" by the Grievance Committee. Further, during a press conference in front of the Town Hall, Lachterman stated, among other things, that the plaintiff had been admonished and had engaged in "illicit quid pro quo."
The plaintiff commenced this action, inter alia, asserting causes of action to recover damages for slander per se and libel per se. The plaintiff alleged that the statements in the media advisory and at the press conference were defamatory per se. Lachterman and the defendant Thomas Diana (hereinafter together the defendants) moved, among other things, for summary judgment dismissing the causes of action to recover damages for slander per se and libel per se insofar as asserted against Lachterman. By order dated April 13, 2022, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiff appeals.
"The elements of a cause of action to recover damages for defamation are (1) a false [*2]statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (2) published without privilege or authorization to a third party, (3) amounting to fault as judged by, at a minimum, a negligence standard, and (4) either causing special harm or constituting defamation per se" (Laguerre v Maurice, 192 AD3d 44, 50; see Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 850). A false statement constitutes defamation per se, inter alia, if it charges another with a serious crime or tends to injure another in their trade, business, or profession (see Liberman v Gelstein, 80 NY2d 429, 435; see also Joo Tae Yoo v Choi, 210 AD3d 1062, 1063).
Communications made by "individuals participating in a public function, such as judicial, legislative, or executive proceedings" are protected by an absolute privilege (Toker v Pollak, 44 NY2d 211, 219 [citations omitted]; see Riggio v County of Nassau, 218 AD3d 502, 503). "Absolute privilege is based upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government" (Park Knoll Assoc. v Schmidt, 59 NY2d 205, 209; see Riggio v County of Nassau, 218 AD3d at 503; Colantonio v Mercy Med. Ctr., 135 AD3d 686, 689).
Here, that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for slander per se and libel per se insofar as asserted against Lachterman was properly granted, albeit for reasons different than those relied upon by the Supreme Court. Assuming without deciding that the challenged statements constitute actionable defamatory statements, Lachterman established, prima facie, that he published the challenged statements while acting in his role as a council member for the Town and was therefore protected by absolute privilege (see Riggio v County of Nassau, 218 AD3d at 503; Gugliotta v Wilson, 168 AD3d 817, 819; Baumblatt v Battalia, 134 AD2d 226, 228-229). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court