Cindy W. v Waterloo Cent. Sch. Dist.
2026 NY Slip Op 03554
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

CINDY W., AS PARENT AND NATURAL GUARDIAN OF J. F., A MINOR, CLAIMANT-APPELLANT,
v
WATERLOO CENTRAL SCHOOL DISTRICT, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
288 CA 25-01144
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

CANTOR, WOLFF, NICASTRO & HALL, BUFFALO (KENNETH P. L. LOWE OF COUNSEL), FOR CLAIMANT-APPELLANT.
GOLDBERG SEGALLA LLP, GARDEN CITY (JAMES M. SPECYAL OF COUNSEL), FOR RESPONDENT-RESPONDENT.

Appeal from an order of the Supreme Court, Seneca County (Arthur B. Williams, A.J.), entered July 2, 2025. The order, insofar as appealed from, denied the application of claimant seeking leave to serve a late notice of claim.
[*1]
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the application is granted upon the condition that the proposed notice of claim is served within 30 days of the date of entry of the order of this Court.
Memorandum: As limited by her brief, claimant, as parent and natural guardian of her minor son, appeals from an order insofar as it denied her application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Claimant alleges that her son was subjected to incidents of bullying and abuse while a student at the Waterloo Middle School in respondent, Waterloo Central School District. She further alleges that her son sustained injuries as a result of respondent's negligent actions or inactions in regard to those incidents. We agree with claimant that Supreme Court abused its discretion in denying her application.
"Pursuant to General Municipal Law § 50-e (1) (a), a party seeking to sue a public corporation, which includes a school district, must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises' " (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [2016], rearg denied 29 NY3d 963 [2017]). "General Municipal Law § 50-e (5) permits a court, in its discretion, to [grant leave] extend[ing] the time for a [claimant] to serve a notice of claim" (id. at 460-461). "The decision whether to grant such leave 'compels consideration of all relevant facts and circumstances,' including the 'nonexhaustive list of factors' in section 50-e (5)" (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013]). " 'It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are [1] whether the claimant has demonstrated a reasonable excuse for the delay, [2] whether the [school district] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and [3] whether the delay would substantially prejudice the [school district] in maintaining a defense on the merits' " (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). "The presence or absence of any given factor is not determinative of the application and, moreover, the factors are 'directive rather than exclusive' " (Matter of Gumkowski v Town of Tonawanda, 156 AD3d 1481, 1481 [4th Dept 2017]).
We agree with claimant that respondent possessed actual knowledge of the essential facts constituting the claim within 90 days of its accrual (see Matter of Cayuga Nation v Peenstra, 228 AD3d 1271, 1273 [4th Dept 2024]). Claimant averred in her affidavit in support of the [*2]application that, during the relevant time period, she made numerous calls to the Waterloo Middle School and the Waterloo Village Police about the ongoing abuse and bullying of her son. Additionally, claimant submitted documentation pertaining to a Family Court proceeding that was brought against her son due to actions he took apparently out of his frustration with the alleged abuse and bullying. The documentation states that the school counselor was involved in that investigation and that claimant's son was "well known" to him. The school counselor also expressed the opinion that the bullying incidents were "unfounded."
We further agree with claimant that she demonstrated a reasonable excuse for her delay in serving the notice of claim. Claimant was understandably preoccupied with the Family Court proceedings against her minor son, who has notable physical and mental impairments (see generally Compass v County of Nassau, 37 AD3d 752, 753 [2d Dept 2007]; Marchetti v E. Rochester Cent. School Dist., 302 AD2d 930, 930 [4th Dept 2003]).
Finally, we agree with claimant that she met her initial burden of making a plausible argument that late notice would not substantially prejudice respondent (see generally Newcomb, 28 NY3d at 466). Respondent failed in response to "make a particularized showing of substantial prejudice caused by the late notice" (Cayuga Nation, 228 AD3d at 1273-1274 [internal quotation marks omitted]).
We therefore reverse the order insofar as appealed from and grant claimant's application upon the condition that the proposed notice of
claim is served within 30 days of the date of entry of the order of this Court.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court