■ BASIR MCHAWI, Respondent, v STATE UNIVERSITY OF NEW YORK, EMPIRE STATE COLLEGE, Appellant. [669 NYS2d 545] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 8, 1996, which, insofar as appealed from, upon reargument, adhered to its April 1, 1996 determination denying defendant's motion to dismiss the action against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff Basir Mchawi was formerly a professor at Empire State College, part of defendant State University of New York. This action arises out of the alleged unlawful termination of his employment and charges defendant with retaliation against him for bringing an action pursuant to the Human Rights Law (Executive Law, art 15, § 290 *et seq.*) in violation of section 296 (7) of the Executive Law. In an action previously instituted in the District Court for the Southern District of New York, plaintiff alleged that his employment was terminated in violation of 42 USC § 1981, title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*) and the New York State Human Rights Law. As in this matter, the complaint in the Federal suit stated a cause of action for retaliation (Executive Law § 296 [7]), claiming that "defendant engaged in unlawful retaliation and unlawful termination of plaintiff's employment and destroyed his career as an academic as well."

By order dated September 1, 1994, the Southern District Court (Thomas Griesa, J.) dismissed plaintiff's cause of action under the Executive Law, together with the claim based on 42 USC § 1981, stating, "Plaintiff now concedes that the claims under 42 U.S.C. § 1981 and the New York Executive Law are time barred." Plaintiff appealed from this ruling. The Second Circuit Court of Appeals held that his failure to preserve for review any claim with respect to either of these causes of action barred from consideration his contention that the District

Court erred in dismissing the claims as untimely. Contending that the Statute of Limitations was never an issue in the litigation, plaintiff subsequently wrote to the Southern District Court, requesting, "pursuant to Rule 60 of the Federal Rules of Civil Procedure, that Your Honor correct an error in the Opinion of the Court". In an order entered January 25, 1996, the court pointed out that instead of making a timely request to amend the opinion, plaintiff had pursued the issue on appeal, which the Circuit Court decided against him. Therefore, the court held, "It is too late to seek a remedy in the District Court. *See*, Fed.R.Civ.P. 60."

Defendant then moved to dismiss the instant action, on the grounds of res judicata, collateral estoppel and the pendency of another action (CPLR 3211 [a] [4]). Citing this Court's decision in *Lamontagne v Board of Trustees* (183 AD2d 424, *lv denied* 80 NY2d 759), Supreme Court held: "The dismissal of the pendent State claim by the Federal Court based upon the [S]tatute of [L]imitations was neither an issue raised by the parties nor conceded by the plaintiff, as the Federal Court mistakenly believed. Since the [S]tatute of [L]imitations was never placed in issue and never litigated, the Federal action has neither *res judicata* nor has [sic] collateral estoppel effect".

Supreme Court's ruling is in error. In *Lamontagne* (*supra*, at 425-426), there is no indication that the Federal court intended to dismiss the pendent State claims on their merits. In this case, by contrast, plaintiff's State claims were dismissed as time-barred, which disposition constitutes a ruling on the merits (*see, Smith v Russell Sage Coll.*, 54 NY2d 185, 194). As such, even if this Court were to regard the ruling as erroneous, it would nevertheless operate to bar prosecution of the instant action. As the Court of Appeals stated in *Matter of Reilly v Reid* (45 NY2d 24, 28), "The policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts (see *Deposit Bank v Frankfort*, 191 US 499, 510-511; *Kiker v Hefner*, 409 F2d 1067, 1068-1069)." Given the identity of the claims asserted in each forum, the rendering of a judgment on the merits precludes relitigation in the interest of judicial economy (*Matter of Reilly v Reid, supra*, at 31), and plaintiff is consigned to his remedies in Federal court pursuant to title VII of the Civil Rights Act of 1964. Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.