■ MEL HANTZ, Respondent, v HILLMAN HOUSING CORPORA-TION, Appellant. [888 NYS2d 34]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered June 19, 2009, which denied Hillman Housing Corporation's (Board) motion to dismiss the tenant's petition on res judicata grounds, unanimously reversed, on the law, without costs, the motion granted and the petition dismissed.

The tenant's second action seeking to compel the Board to grant his request to install an in-wall air-conditioning system arose out of the same transaction, and facts, as had been considered in the tenant's prior litigation on the issue. The nature of tenant's proposed air-conditioning installation and reasons for its need (i.e., medical, aesthetics, etc.) remained unchanged from the facts available at the time of the Board's original July 2005 determination, as well as at the time of the aforementioned prior litigation. Whether a mistaken factual assumption by the Board in considering Hantz's first application led to an errant determination may not be revisited based upon resubmission of the same facts, pertaining to the same transaction, as had been originally considered by the Board (see e.g. Mchawi v State Univ. of N.Y., Empire State Coll., 248 AD2d 111, 112 [1998], lv denied 92 NY2d 804 [1998]). The applicable statute of limitations period for challenging the Board's 2005 determination having since expired, Hantz's alleged new claim based on the same facts as those previously considered was properly dismissed on res judicata grounds (see e.g. Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 4-5 [2000]). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.