# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 10-3354, 10-3355, 10-3356
Nos. 10-3357, 10-3358, 10-3359
Nos. 10-3360, 10-3362, 10-3363

_____

Jeanette Rick, et al.,     *
                      *

     Plaintiffs - Appellants,     *
                      *    Appeals from the United States
v.                      *    District Court for the
                      *    District of Minnesota.

Wyeth, Inc., et al.,     *
                      *

     Defendants - Appellees.     *

_____

Submitted: June 15, 2011
Filed: October 25, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2004 and 2005, appellants, citizens of New York, sued the appellee pharmaceutical companies in New York state court claiming that appellees' hormone replacement therapy drugs caused appellants to develop breast cancer. After substantial discovery, appellees moved for summary judgment on the ground that the claims were time-barred under the three-year New York statute of limitations. Appellants argued the claims were not time-barred for many reasons. They also filed these diversity actions asserting the same claims in the District of Minnesota, a State

with a six-year statute of limitations, and moved the New York court to dismiss their New York claims without prejudice.

In a lengthy opinion, the New York court denied dismissal without prejudice and dismissed the claims as time-barred. Applying New York law, the court granted appellees summary judgment after discussing and rejecting appellants' contrary assertions, namely, that an extended accrual statute applied, that appellees' fraud and deception warranted equitable estoppel, that the limitations period was extended by class action tolling, and that appellants' fraud claims were not time-barred under New York law. Addressing the motions to dismiss without prejudice, the court noted that appellants had filed actions in Minnesota and that grant of the motions would "allow them to avail themselves of Minnesota's six year statute of limitations and get around New York's obviously shorter three year statute." It denied the motions because, "under the circumstances presented it is truly difficult for this court to fathom anything more prejudicial to defendants than being deprived of their right to judgment on the merits dismissing these clearly time-barred actions."

The district court[1] then granted appellees summary judgment dismissing the Minnesota actions. Recognizing that the issue is whether the New York judgment would be given preclusive effect *under New York law*, and that prior state and federal decisions applying New York law may not conclusively answer that question, the court concluded that, given the extent to which appellants had litigated their claims to the New York court, that court's grant of summary judgment based on timeliness "is sufficiently close to the merits to have preclusive effects in other jurisdictions." (Quotation omitted.) On appeal, appellants argue, as they did to the district court, that we should give the New York state court's statute-of-limitations-based dismissal no

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, overruling objections to the Report and Recommendation of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

preclusive effect in this diversity action in a Minnesota federal court. Reviewing the district court's grant of summary judgment *de novo*, we affirm.

## I.

This appeal raises a single issue -- whether dismissal of appellants' actions as time-barred under New York law precludes assertion of the same claims in a federal court diversity action in a State where the claims would not be time-barred. The issue lies at the intersection of three complex areas of the law, full faith and credit, diversity jurisdiction, and claim preclusion (*res judicata*). So we begin by reviewing relevant basic principles.

In Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), the Supreme Court rejected contrary theories and held that the preclusive effect of a *federal court* judgment dismissing a diversity action as time-barred was a matter of federal common law. The Court then adopted, "as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits." Id. at 508. The Supreme Court noted that -

> the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods. See Restatement (Second) of Conflict of Laws §§ 142(2), 143 (1969); Restatement of Judgments § 49, Comment *a* (1942).

531 U.S. at 504. It would "violate the federalism principle" of Erie R. Co. v. Tompkins, 304 U.S. 64. 78-80 (1938), if federal courts sitting in States adhering to this "traditional rule" nonetheless gave claim-preclusive effect to time-bar dismissals in diversity cases. Id. The Court remanded the case to a Maryland state court to

determine the preclusive effect that the prior dismissal by a federal court in California would be given under California law.

By contrast, the preclusive effect of a prior *state court* judgment is determined by the Constitution's Full Faith and Credit Clause, Article IV, § 1, as implemented by the federal Full Faith and Credit Statute, 28 U.S.C. § 1738. "It is now settled," the Supreme Court has explained, "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus, under the Full Faith and Credit Statute, the rule of decision is the same as the rule adopted in Semtek: the issue of preclusive effect turns on the law of the State where the prior judgment issued -- here, New York -- as the New York courts would apply it. See Marrese v. Am. Acad. of Orth. Surgeons, 470 U.S. 373, 385 (1985) ("the concerns of comity reflected in § 1738 generally allow States to determine the preclusive scope of their own courts' judgments"); Hanig v. City of Winner, S.D., 527 F.3d 674, 676 (8th Cir. 2008). It is a rule of federal law but not, as in Semtek, a rule of federal common law. "By the Constitutional provision for full faith and credit, the local doctrines of *res judicata*, speaking generally, become a part of national jurisprudence, and therefore federal questions cognizable here." Riley v. New York Trust Co., 315 U.S. 343, 349 (1942).

## II.

In New York, as in most States, the doctrine of claim preclusion bars successive litigation of claims arising out of the same transaction or series of transactions if "(i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." People ex rel. Spitzer v. Applied Card Sys., Inc., 894 N.E.2d 1, 12 (N.Y. 2008); O'Brien v. City of Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981); Reilly v. Reid, 379 N.E.2d 172, 176 (N.Y. 1978).

Every aspect of this general principle has spawned extensive litigation and commentary. At issue in this case is whether the New York judgment dismissing claims as time-barred was a determination "on the merits."

New York law is far from silent on this issue. The leading modern case is Smith v. Russell Sage College, 429 N.E.2d 746 (N.Y. 1981). In the first suit, plaintiff sued his former employer for breach of an oral contract and tortious misrepresentation. The trial court dismissed the contract claims as barred by the Statute of Frauds and the tort claims as time-barred. Rather than appeal, plaintiff filed a new action alleging additional fraud that "first came to light while the earlier action was pending." Id. at 748. The New York Court of Appeals held that the new fraud claim was part of the same transaction and therefore precluded. In rejecting the contention that claim preclusion did not apply because the prior judgment was not "on the merits," the Court explained, in language anticipating the later discussion in Semtek:

> [T]he impact of the Statute of Limitations, though often denominated as procedural, in a practical sense may also be said to be substantive; as we have had occasion to observe, while a time bar is usually said to affect the remedy its interposition is at least as often the difference between life or death for the right as well as the remedy. Suffice it to say that a dismissal on these grounds is at least sufficiently close to the merits for claim preclusion purposes to bar a second action, especially where the motion to dismiss the first action was treated as one for summary judgment on which the court considered submissions of the parties dehors the pleadings.

Id. at 750 (citations and quotations omitted). "It is pertinent," the Court added, "that the Restatement, 2d, [of Judgments] has completely abandoned the term 'on the merits.'" Id. at n.3.

-5-

Russell Sage has been cited in at least a dozen published decisions of the New York intermediate appellate courts for the proposition that a "dismissal on statute of limitations grounds is considered a dismissal on the merits for claim preclusion purposes and bars a second action." Karmel v. Delfino, 740 N.Y.S.2d 373, 374 (N.Y. App. Div. 2002); see, e.g., Simmons v. N.Y.C. Health & Hosp. Corp., 894 N.Y.S.2d 750 (N.Y. App. Div. 2010); Komlosi v. City of N.Y., 769 N.Y.S.2d 890 (N.Y. App. Div. 2004); Cold Spring Harbor Area Civic Ass'n v. Bd. of Zoning Appeals, 762 N.Y.S.2d 392 (N.Y. App. Div. 2003); Marinelli Assocs. v. Helmsley-Noyes Co., Inc., 705 N.Y.S.2d 571 (N.Y. App. Div. 2000). These decisions include dismissals of subsequent claims brought in a different jurisdiction, as appellants seek to do here. Mchawi v. State Univ. of N.Y., Empire State Coll., 669 N.Y.S.2d 545, 545-46 (N.Y. App. Div. 1998) (federal court's statute-of-limitations dismissal precludes similar, non-time-barred claims in state court).

To overcome this potent evidence that New York does *not* follow the "traditional rule" cited in Semtek, appellants argue that Russell Sage was effectively overruled by Tanges v. Heidelberg North America, Inc., 710 N.E.2d 250 (N.Y. 1999). Tanges answered a question certified by the Second Circuit: whether a Connecticut statute of limitations barred the plaintiff's products liability action under New York choice-of-law principles. Id. at 251. Although holding that the statute applied to bar plaintiff's claim because it was part of Connecticut's substantive law, the court commented, in language again anticipating the discussion in Semtek:

> In New York, Statutes of Limitation are generally considered procedural because they are viewed as pertaining to the remedy rather than the right. The expiration of the time period prescribed in a Statute of Limitations does not extinguish the underlying right, but merely bars the remedy. Nicely summarized elsewhere, "[t]he theory of the statute of limitations generally followed in New York is that the passing of the applicable period does not wipe out the substantive right; it merely suspends the remedy."

Id. at 253 (citations and quotations omitted). Appellants argue that Semtek and Tanges, read together, demonstrate that New York law does not preclude these claims in Minnesota federal court.

We see nothing in the Tanges opinion suggesting that the Court of Appeals was overruling Russell Sage. Tanges did not cite Russell Sage or refer to claim preclusion because no prior judgment was at issue. Tanges raised only a choice-of-law question, and the Court applied New York's basic choice-of-law principle: statutes of limitation are "generally considered procedural." 710 N.E.2d at 253. Russell Sage had recognized that principle, but with the caveat that, for claim-preclusion purposes, a limitations period "may also be said to be substantive." 429 N.E.2d at 750. This context-based differentiation is not surprising.[2] Different policies underlie claim preclusion and choice-of-law principles. See Seavey v. Chrysler Corp., 930 F. Supp. 103, 108-09 (S.D.N.Y. 1996); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4441 at 224 (2d ed. 2002). The Full Faith and Credit Statute commands us to apply New York's claim-preclusion law. It is instructive that, since the Tanges decision, numerous New York intermediate appellate court decisions have continued to cite Russell Sage for the proposition that a statute-of-limitations-based judgment is claim-preclusive. See, e.g., Karmel, 740 N.Y.S.2d at 374. Not one has even cited Tanges. In this context, Russell Sage is the far more relevant New York authority.

_____

[2]Indeed, the same dichotomy is present in Minnesota law. "In Minnesota, a dismissal based on statute of limitations grounds is a decision on the merits and is a bar to a second action brought under a different limitations period where the claims are substantially the same." Sautter v. Interstate Power Co., 567 N.W.2d 755, 759 (Minn. App. 1997); accord Austin v. Super Valu Stores, Inc., 31 F.3d 615, 618 (8th Cir. 1994). By contrast, for choice-of-law purposes, the common law of Minnesota "consider[s] statutes of limitations to be procedural without exception." Fleeger v. Wyeth, 771 N.W.2d 524, 528 (Minn. 2009).

We are more than a little troubled that a panel of the Second Circuit relied on Tanges in concluding that "New York law does not depart from the traditional rule" recognized in Semtek. Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda, 572 F.3d 93, 95 (2d Cir. 2009). Without citing the Full Faith and Credit Statute, Cloverleaf held that a prior state court judgment did not preclude a federal court action asserting the same claim under 42 U.S.C. § 1983. It declined to follow earlier Second Circuit decisions applying Russell Sage as "no longer appropriate" after Tanges given Russell Sage's "ambiguity." Id. at 96. A subsequent Second Circuit decision referred favorably to the decision in Russell Sage, but was not called upon to apply it. Hanrahan v. Riverhead Nursing Home, 592 F.3d 367, 369 (2d Cir. 2010). Most recently, the Second Circuit certified a controlling claim preclusion question in a federal employment discrimination case. Joseph v. Athanasopoulos, 648 F.3d 58 (2d Cir. 2011). The New York Court of Appeals has accepted the certified question.

Having carefully reviewed this complex landscape, we return to the holding in Russell Sage -- because the first case was fully litigated all the way to summary judgment, the prior dismissal on statute of limitations grounds was "at least sufficiently close to the merits for claim preclusion purposes to bar a second action." That is what the New York court concluded in denying appellants' motions to dismiss without prejudice -- appellees had a "right to judgment on the merits." The district court found this procedural history "decisive." Plaintiffs logically chose to bring their claims in New York where they reside and the claims arose. As in Russell Sage, they fully litigated those claims up to summary judgment, "and New York law does not provide them with the proverbial second bite at the apple merely by switching jurisdictions." This narrow, case-specific approach is consistent with Russell Sage and with other critics of the categorical traditional rule:

> The view that the forum would entertain a claim that was not barred by its own statute of limitations, even though the forum had no other contact with the case, could lead on occasion to egregious examples of forum shopping.

Restatement (Second) of Conflict of Laws § 142 cmt. *g* (1988 Revision). These cases are a paradigmatic example of egregious forum shopping.

On this record, we have no difficulty concluding that, under New York claim preclusion law as articulated in <u>Russell Sage</u> and the many New York appellate decisions applying <u>Russell Sage</u>, the prior grant of summary judgment dismissing appellants' New York claims as time-barred precluded the assertion of the same claims in these federal diversity actions in Minnesota. Therefore, the district court properly applied the Full Faith and Credit Statute in these cases, even if the New York Court of Appeals declines in the future to apply statute-of-limitations claim preclusion to more sympathetic plaintiffs, such as the plaintiff in <u>Joseph</u>.

The judgments of the district court are affirmed.

_____