# United States Court of Appeals
## For the First Circuit

---

No. 12-1995

MARC NEWMAN AND JEFFREY HONIG,
AS TRUSTEES OF WENDY HONIG TRUST,

Plaintiffs, Appellants,

v.

STEVEN E. KRINTZMAN,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

---

Before

Lynch, Chief Judge,
Lipez and Thompson, Circuit Judges.

---

Richard C. Bardi, with whom Law Office of Richard C. Bardi was on brief, for appellants.
Colleen C. Cook, with whom Michael Paris and Nystrom Beckman & Paris LLP were on brief, for appellee.

---

July 24, 2013

---

**THOMPSON, <u>Circuit Judge</u>.**

## Overview

Dealing with a doctrine like claim preclusion (the modern name for <u>res judicata</u>) can sometimes be difficult. But difficult is not impossible, even for today's issue (which, by the way, reads like something lifted from a law-school exam): Does a judgment dismissing a case as time-barred under New York law preclude a later suit on the same claim in another jurisdiction involving a longer, unexpired limitations period? Plaintiffs Marc Newman and Jeffrey Honig, trustees of Wendy Honig Trust, say no. Defendant Steven Krintzman says yes. The district judge answered yes and so dismissed the trustees' complaint against Krintzman alleging default on a promissory note. <u>See</u> Fed. R. Civ. P. 12(b)(6). Reviewing that decision <u>de novo</u>, <u>see</u> <u>Schatz</u> v. <u>Republican Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012), which is a fancy way of saying that we give a fresh look to the judge's reasoning, we affirm.

## How It All Began

Before diving into the details of our story, we offer these reminders: Like the district judge, we must take the complaint's well-pleaded facts as true, construing them in the light most favorable to the trustees. <u>Id.</u> And, also like the judge below, we may "consider (a) 'implications from documents' attached to or fairly 'incorporated into the complaint,'

-2-

(b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff[s'] 'response to the motion to dismiss.'" Id. at 55-56 (footnote omitted) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)); see also Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (stressing that courts can mull over "matters of public record in resolving a Rule 12(b)(6) motion," adding that "[m]atters of public record" typically "include 'documents from prior state court adjudications'" (citation omitted) (quoting Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000))); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasizing that courts can look to "documents the authenticity of which are not disputed by the parties"). Now on to the facts.

In the late 1980s and early 1990s, Krintzman and his company, Technicraft Industries, Inc., borrowed a boatload of money from the Wendy Honig Trust. His then-wife Wendy Honig was the trust's beneficiary. But to get the funds, Krintzman or Technicraft executed promissory notes in favor of the Trust, with Krintzman also personally guaranteeing the company's borrowing. One note says that it shall be governed by Massachusetts law. The others say that they shall be governed by New York law.

Alleging that Krintzman and Technicraft had defaulted on all the notes, the Trust's trustees sued the two in New York state court in 2009 for (most pertinently here) breach of contract.

There, the parties sparred over whether the trustees had filed suit within New York's 6-year limitations period for contract actions. See N.Y. C.P.L.R. § 213(2). They agreed that this statute governed the lawsuit. But the trustees thought that certain events not relevant here tolled the statute's running, while Krintzman and Technicraft thought otherwise. The New York trial court eventually sided with Krintzman and Technicraft, granting their motion to dismiss based on the expiration of the New York statute of limitations.

Not willing to let things go, the trustees headed for New York's intermediate-appellate court, the Appellate Division. There, the adversaries continued quarreling about the New York statute of limitations. But the trustees also débuted another argument: Stressing that the note governed by Massachusetts law is a "sealed instrument," they insisted that a Massachusetts 20-year statute of limitations applied, see Mass. Gen. Laws ch. 260, § 1, which, they added, meant that their suit was timely, at least when it came to that note. In a terse, 2-page decision, the Appellate Division affirmed, concluding that the trustees' case was time-barred under New York law. And while the court did not directly mention the trustees' Massachusetts-based statute-of-limitations argument, it did close with these words: "We have considered [the trustees'] remaining arguments and find them unavailing."

-4-

But that was not the end of the matter. Asserting diversity jurisdiction, three months later the trustees sued Krintzman in Massachusetts federal court to recover on the note controlled by Massachusetts law. Krintzman responded with a motion to dismiss, contending that the dismissal of the New York lawsuit barred the trustees' current claim.[1] Apparently, everyone agreed that the trustees filed suit within the 20-year window framed by the Massachusetts statute of limitations. Nevertheless, the district judge in his written opinion ruled that the limitations dismissal was on the merits and claim preclusive and thus dismissed the present case. See Newman v. Krintzman, No. 11-10540-GAO, 2012 WL 2912941, at *1-3 (D. Mass. July 17, 2012). Which brings us to today.

**A Primer on the Parties' Opposing Positions**

The trustees insist that a limitations dismissal under New York law is not an on-the-merits decision, and so, their argument continues, such a dismissal cannot preclude suit on the same claim in another jurisdiction involving a different limitations period. Krintzman believes exactly the opposite, naturally. Working through this issue will take us down a fairly

---

[1] See generally In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (holding that a judge may dismiss a case based on the affirmative defense of claim preclusion if (a) the defense is disclosed in "the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice"; and (b) "the facts so gleaned . . . conclusively establish the . . . defense").

-5-

dense legal trail.  But fortunately, there is enough law out there to guide our way.

## Our Analysis

We begin with a few basics.  Respect for prior judgments is deeply ingrained in our legal regime — the Constitution's full-faith-and-credit clause, U.S. Const. art. IV, § 1, and its statutory equivalent, 28 U.S.C. § 1738, combine with the common law's claim-preclusion doctrine to help make it so.  See R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).  And under § 1738's full-faith-and-credit mandate, federal courts must give preclusive effect to a state-court judgment if the state court itself would.  See, e.g., Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-81 (1984); R.G. Fin. Corp., 446 F.3d at 182. In other words, we must accept that state's rules for deciding the effect of the judgment, which here means that New York preclusion law controls.  See, e.g., Matsushita Elect. Indus. Co., 516 U.S. at 373; Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); R.G. Fin. Corp., 446 F.3d at 182-83.

Reduced to its essentials, New York law bars successive suits between the same parties or their privies on causes of action that were or could have been litigated in the first case — if but only if the first case resulted in a judgment "on the merits" by a court of competent jurisdiction.  See, e.g., People ex rel. Spitzer

v. Applied Card Sys., Inc., 894 N.E.2d 1, 12 (N.Y. 2008); In re Hunter, 827 N.E.2d 269, 274 (N.Y. 2005). Every part of this claim-preclusion rule has been fought over in cases and in commentaries. See Rick v. Wyeth, Inc., 662 F.3d 1067, 1070 (8th 2011) (discussing New York law). But as argued by the parties, only the quoted phrase is of concern to us, i.e., whether a limitations dismissal under New York law is a judgment "on the merits."

New York law on this issue is unsettled — that is what our Second Circuit colleagues recently concluded, which is why they opted to certify the issue to the New York Court of Appeals (which is the Empire State's highest court). See Joseph v. Athanasopoulos, 648 F.3d 58, 67-68 (2d Cir. 2011) (certifying the question whether a limitations dismissal constitutes a judgment "on the merits," entitled to preclusive effect, "such that the plaintiff cannot litigate her claim in another jurisdiction with a longer, unexpired limitations period") (internal quotation marks omitted). Having received the request, the New York Court of Appeals initially accepted. See Joseph v. Athanasopoulos, 967 N.E.2d 694, 694-95 (N.Y. 2012). But appellant no longer had enough money to pay for its appeal and wanted to drop the matter. See Joseph v. Athanasopoulos, 478 F. App'x 701, 703 (2d Cir. 2012) (unpublished); see also Joseph, 967 N.E.2d at 694-95. So the New York Court of Appeals reconsidered its earlier order and declined to accept certification. Joseph, 967 N.E.2d at 694-95. Acting on

appellant's motion, the Second Circuit dismissed appellant's federal appeal, emphasizing, though, that "this dismissal in no way reflects a change" in its view that the issues implicated in the certified question remain "unresolved under New York law." Joseph, 478 F. App'x at 703. No party here has asked us to certify the question to the New York Court of Appeals. And we think there are enough clues — including clues from New York cases decided after the certification request in Joseph v. Athanasopoulos — for us to decide the matter. See Samaan v. St. Joseph Hosp., 670 F.3d 21, 31 (1st Cir. 2012) (discussing our standard for certification); González Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 323 (1st Cir. 2009) (same). So we soldier on, knowing that New York "is free to tell us" that our state-law analysis is "all wet," since, obviously, state courts are not bound by our take on state law. See Candelario del Moral v. UBS Fin. Servs. Inc. of P.R., 699 F.3d 93, 101 (1st Cir. 2012).[2]

Smith v. Russell Sage College, 429 N.E.2d 746 (N.Y. 1981) ("Russell Sage," for short), offers a good place to start unraveling the claim-preclusion mysteries of the present case. The Russell Sage plaintiff sued the defendant on several fraud and contract claims. Id. at 747. The defendant fired back with a

---

[2] See generally Diginet, Inc. v. W. Union ATS, Inc., 958 F.2d 1388, 1395 (7th Cir. 1992) (Posner, J.) (noting that state courts are not shackled "by federal courts' interpretations of state law" and "will give such interpretations no more weight than their persuasiveness earns them").

motion to dismiss.  Id. at 748.  Because the New York trial judge

considered evidence outside the pleadings, he treated the motion as

one for summary judgment.  Id.  And when all was said and done, the

judge jettisoned the fraud claims as time-barred under the

applicable limitations statute and the contract claims as barred by

the statute of frauds.  Id. at 748.  Rather than appeal, the

plaintiff sued the defendant again in New York state court, this

time alleging additional fraud claims that supposedly surfaced

while the first suit was still pending — claims, it turns out, that

were part of the same "factual grouping" as the prior suit.  Id. at

748-49.  Yet the trial court refused to kick the case out on claim-

preclusion grounds.  Id.  Ultimately, though, the New York Court of

Appeals held that claim-preclusion principles barred the second

suit.  Id. at 749-50.  And what that court said about whether a

limitations dismissal is a dismissal "on the merits" is

particularly apropos here, supporting Krintzman's position and

pointing the way to our conclusion:

> [T]he impact of the Statute of Limitations,
> though often denominated as procedural, in a
> practical sense may also be said to be
> substantive; as we have had occasion to
> observe, while a time bar is usually [s]aid to
> affect the remedy its interposition is at
> least as often the difference between life or
> death for the right as well as the remedy.

Id. at 750 (an alteration omitted) (citations omitted) (internal

quotation marks omitted).  Wrapping up, the Russell Sage court

said:

> Suffice it to say that a dismissal on these grounds [_i.e._, statute of limitations and statute of frauds] is at least sufficiently close to the merits for claim preclusion purposes to bar a second action, especially where the motion to dismiss the first action was treated as one for summary judgment on which the court considered submissions of the parties dehors the pleadings.

_Id._

Sensing the grave problem that _Russell Sage_ poses for them (after all, their appeal rises or falls on convincing us that a limitations dismissal is not an on-the-merits decision under New York law), the trustees make a variety of spirited arguments that fall into two categories. The first involves their attempts to distinguish this case from _Russell Sage_. The second involves their suggesting that the New York Court of Appeals has since changed the law in their favor. Ultimately, though, neither grouping persuades.

As for their initial set of arguments, the trustees note that the trial judge in _Russell Sage_ treated the motion to dismiss the first case as one for summary judgment, because he considered material outside the pleadings. They also make much of the fact that the _Russell Sage_ trial judge premised dismissal on statute-of-limitations _and_ statute-of-frauds grounds. But in their case, they write, the New York trial judge nixed the first suit only on a motion to dismiss. And, they stress, the judge did so on timeliness grounds alone. Given these (supposed) critical

distinctions between the two cases, they say that Russell Sage holds no sway here.

We disagree. A quick search reveals New York cases applying Russell Sage where the trial judge in the first case, acting on a straight motion to dismiss (and not one converted into a motion for summary judgment), tossed out the lawsuit solely on limitations grounds. See, e.g., Daved Fire Sys. Inc. v. N.Y.C. Health & Hosp. Corp., 847 N.Y.S.2d 195, 196 (N.Y. App. Div. 2007); Mercury Capital Corp. v. Shepherd's Beach, Inc., 758 N.Y.S.2d 843, 843 (N.Y. App. Div. 2003); see generally Marinelli Assocs. v. Helmsley-Noyes Co., 705 N.Y.S.2d 571, 574 (N.Y. App. Div. 2000) (discussing Russell Sage, the court emphasized that "factual submissions . . . concerning the merits of the dispute itself have not been required before a determination of the Statute of Limitations issue in the prior action," adding that "[i]f the information before the court" is sufficient to decide the limitations question, "a dismissal on that ground will act as a bar to subsequent litigation" if the other elements of claim preclusion are met). So the trustees' efforts to distinguish away Russell Sage fail.

We turn then to their second argument grouping, which is more challenging than the first. The gist of their position here is that Tanges v. Heidelberg North America, Inc., 710 N.E.2d 250

-11-

(N.Y. 1999), changed New York law in a way that benefits them. Their theory involves several steps.

Step one:  Tanges dealt with a question certified from the Second Circuit about whether a Connecticut statute barred a product-liability suit brought in New York.  710 N.E.2d at 251. Applying New York's choice-of-law rules, the New York Court of Appeals said the answer depended on whether the Connecticut statute's effect is "substantive" or "procedural" — only if the effect is substantive would the statute apply, you see.  Id. at 251-52.  When the dust settled, Tanges held that the statute is a statute of repose, not a statute of limitations,[3] and a statute of repose's effect is substantive, not procedural.  710 N.E.2d at 253-55.  As part of its analysis, Tanges highlighted the differences between  statutes of repose and statutes of limitations.  Id. And, the trustees note, Tanges had this to say about statutes of limitations:

> In New York, Statutes of Limitation are generally considered procedural because they are viewed as pertaining to the remedy rather than the right.  The expiration of the time period prescribed in a Statute of Limitations does not extinguish the underlying right, but

---

[3] As opposed to a statute of limitations, which "establish[es] a time limit for suing in a civil case . . . based on the date when the claim accrued (as when the injury occurred or was discovered)," a statute of repose bars any suit filed "after a specified time since the defendant acted (such as by designing or manufacturing a product)," regardless of whether the claim has accrued.  Black's Law Dictionary 1546 (9th ed. 2009) (defining "statute of limitations" and "statute of repose").

> merely bars the remedy. Nicely summarized elsewhere, "[t]he theory of the statute of limitations generally followed in New York is that the passing of the applicable period does not wipe out the substantive right; it merely suspends the remedy."

Id. at 253 (alteration omitted) (some internal quotation marks omitted) (citations omitted). Step two: Pouncing on Tanges's right/remedy comments, the trustees suggest that this passage aligns New York with the "traditional rule," which does not treat limitations dismissals as on-the-merits decisions. Under this rule, the running of a statute of limitations bars only the remedy and not the right — so, they say, that while a limitations dismissal may snuff out a plaintiff's "remedy" in one jurisdiction, it does not necessarily stop her from enforcing her "right" in another where a different limitations period applies. See, e.g., Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda, 572 F.3d 93 (2d Cir. 2009) ("Cloverleaf," to save some keystrokes). And hoping to add some oomph to this point, the trustees tout that a panel of the Second Circuit in Cloverleaf thought that Tanges shows that "New York law does not depart from the traditional rule." Id. at 95.[4] Step three: Tanges, then, relegates Russell Sage's view about the preclusive effect of limitations dismissals to the sidelines, they assert. Step four: Ergo, the district judge here

---

[4] The points made in step two are easily inferable from the trustees' Tanges/Cloverleaf discussion.

-13-

should not have given Krintzman's state-court win any preclusive effect.  Or so they tell us.

The trustees' thesis has some appeal, at least at first glance.  But it does not hold together.  What hurts them is that Tanges is not the game-changer that they make it out to be.

For starters, Tanges whispered not even the slightest hint of a suggestion that Russell Sage is bad law:  Tanges neither cited Russell Sage nor said anything about claim preclusion.  None of this is surprising, however, given that Tanges did not deal with a prior judgment.  It dealt instead with a statute of repose and choice-of-law rules.  And in dealing with these matters, Tanges noted New York's black-letter choice-of-law principle that limitations statutes "are generally considered procedural because they are viewed as pertaining to the remedy rather than the right." 710 N.E.2d at 253 (alteration omitted) (emphasis added) (internal quotation marks omitted).  Of course "generally" does not mean "always," and Russell Sage proves the point.  Sure, Russell Sage noted, a limitations statute's impact is often called "procedural." 429 N.E.2d at 750.  But — and this is the money quote — practically speaking, the statute "may also be said to be substantive," because "while a time bar is usually [s]aid to affect the remedy" its application frequently means "life or death for the right as well as the remedy."  Id. (citations omitted) (internal quotation marks omitted).  Before Tanges, plenty of Appellate-Division decisions

-14-

applied <u>Russell Sage</u> in holding that limitations dismissals are on-the-merits rulings for claim-preclusion purposes.[5] One would think that if <u>Tanges</u> wanted to clamp down on <u>Russell Sage</u>-citing judges, it would have said something about this phenomenon. Yet as we noted there is not one word in <u>Tanges</u> on <u>Russell Sage</u> or claim preclusion. Add to all this what the New York Court of Appeals (in a slightly different context) recently said — that "a dismissal based on the statute of limitations . . . is a determination that the matter is irremediably flawed as a matter of law" and so "is equivalent to a determination on the merits for [claim-preclusion] purposes"[6] — and we see why, years after <u>Tanges</u>, New York's Appellate Division still cites <u>Russell Sage</u> as holding that a limitations dismissal is an on-the-merits decision that carries claim-preclusive effect.[7] And as far as we can tell, <u>no</u> New York court has said <u>Tanges</u> means that a limitations dismissal now is <u>not</u> on the merits.

---

[5] <u>See, e.g.</u>, <u>In re Pelt</u> v. <u>Police Dep't</u>, 685 N.Y.S.2d 687, 687 (N.Y. App. Div. 1999); <u>Mchawi</u> v. <u>State Univ. of N.Y., Empire State Coll.</u>, 669 N.Y.S.2d 545, 546 (N.Y. App. Div. 1998); <u>Shartrand</u> v. <u>Town of Glenville</u>, 460 N.Y.S.2d 220, 221 (N.Y. App. Div. 1983).

[6] <u>Landau</u> v. <u>LaRossa, Mitchell & Ross</u>, 892 N.E.2d 380, 383 n.3 (N.Y. 2008) (citation omitted) (internal quotation marks omitted).

[7] <u>Hendrickson</u> v. <u>Philbor Motors, Inc.</u>, 955 N.Y.S.2d 384, 390 (N.Y. App. Div. 2012); <u>Hae Shang Wang</u> v. <u>Pao-Mei Wang</u>, 947 N.Y.S.2d 582, 585 (N.Y. App. Div. 2012); <u>Komlosi</u> v. <u>City of New York</u>, 769 N.Y.S.2d 750, 750 (N.Y. App. Div. 2004); <u>Cold Spring Harbor Area Civic Ass'n</u> v. <u>Bd. of Zoning Appeals of Huntington</u>, 762 N.Y.S.2d 392, 393 (N.Y. App. Div. 2003); <u>Mercury Capital Corp.</u>, 758 N.Y.S.2d at 843; <u>In re Karmel</u> v. <u>Delfino</u>, 740 N.Y.S.2d 373, 374 (N.Y. App. Div. 2002); <u>Marinelli Assocs.</u>, 705 N.Y.S.2d at 574.

For what it is worth, we are not alone in reading New York law this way. In a scholarly and penetrating opinion, the Eighth Circuit reached the same conclusions on the big issues as we do. See Rick, 662 F.3d at 1071 (seeing nothing in Tanges that "overrul[es] Russell Sage" and finding it significant that after Tanges "numerous New York intermediate appellate court decisions have continued to cite Russell Sage for the proposition that a statute-of-limitations-based judgment is claim-preclusive"). Still undeterred, the trustees cling closely to Cloverleaf, the Second Circuit opinion mentioned in step two of their four-step argument. Without citing the full-faith-and-credit statute, Cloverleaf, the reader will recall, relied on Tanges in holding that New York's claim-preclusion law is in sync with the "traditional rule," which is that a limitations dismissal is not on the merits and so is not claim preclusive — which means that that dismissal has no preclusive effect in other jurisdictions with longer limitations periods. Cloverleaf, 572 F.3d at 95. But now the Second Circuit is not so sure (otherwise why certify the issue to the New York Court of Appeals?), which puts the kibosh on the trustees' Cloverleaf-based theory. Also tellingly, even after the Second Circuit asked the New York Court of Appeals to take up the question, the New York Appellate Division, citing Russell Sage, holds fast to the principle that limitations dismissals are "on the

merits" and claim preclusive.  See Hendrickson, 955 N.Y.S.2d at 390; Hae Shang Wang, 947 N.Y.S.2d at 585.

As for us, we believe that existing New York decisions cast enough light to predict how New York would handle the issue that the trustees' appeal presents.  With our eyes firmly fixed on the Russell Sage line of cases, we conclude that New York would grant the limitations-based dismissal here full preclusive effect, so that the trustees cannot reassert the same claim in another jurisdiction with a more generous limitations period.  The short of this long analysis, then, is that the district judge rightly dismissed the trustees' complaint.  And that is that.

## Final Words

Our work over, we affirm the judgment below in all respects.  Also, we think it appropriate that the parties bear their own costs on appeal.

So ordered.