**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-2514

JOSEPH CHALIFOUX,

Plaintiff, Appellant,

v.

JENNIFER CHALIFOUX; SHAUN WOODS;
and TOWN OF TYNGSBOROUGH,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Kayatta, Stahl, and Barron,
Circuit Judges.

John W. Dennehy and Dennehy Law on brief for appellant.
Peter J. Nicosia and Nicosia & Associates, P.C. on brief for
appellee Jennifer Chalifoux.
Edward M. Kaplan, Jay Surdukowski, and Sulloway & Hollis,
P.L.L.C. on brief for appellees Shaun Woods and Town of
Tyngsborough.

July 26, 2017

**Per Curiam**.  Appellee Jennifer Chalifoux ("Jennifer") filed for divorce from her husband, appellant Joseph Chalifoux ("Joseph"), on May 5, 2010.  The subsequent divorce proceedings were highly contentious[1] and spawned a torrent of additional lawsuits in various federal and state courts.  The case before us now is the latest iteration of these lawsuits, with Joseph alleging that Jennifer conspired with co-appellee Shaun Woods, a police officer employed by the Tyngsborough, Massachusetts Police Department, to illegally access and disseminate Joseph's private information.

The appellees moved to dismiss Joseph's latest complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Joseph filed the lawsuit outside the relevant statute of limitations period of three years.  See Mass. Gen. Laws ch. 260, § 2A (2017).  The district court agreed.  After careful review, we reverse in part, vacate the dismissal, and remand for further proceedings consistent with this opinion.

## I.

At the outset, we think it helpful to briefly identify how this case arrived at our doorstep, what Joseph's complaint

---

[1] The trial judge presiding over the Chalifoux's divorce case noted that "[i]t would actually be nearly impossible for the Court in any Judgment of any length, to fully provide either an interested reader or an appellate tribunal with the utterly regrettable flavor of this particular case."

alleges, and when Joseph learned of key facts underlying the complaint's claims. While doing so, we note that our review "must take the complaint's well-pleaded facts as true, construing them in the light most favorable to" Joseph. Newman v. Krintzman, 723 F.3d 308, 309 (1st Cir. 2013). We further observe that "we may 'consider (a) "implications from documents" attached to or fairly "incorporated into the complaint," (b) "facts" susceptible to "judicial notice," and (c) "concessions" in [a] plaintiff['s] "response to the motion to dismiss."'" Id. (quoting Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012)). Likewise, we may look to statements made by Joseph in previous, but related, court proceedings, the authenticity of which no party contests. See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (stating that a court may consider "matters of public record" when dismissing a complaint on the basis of an affirmative defense); Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) (commenting that "[a] court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss," which "include 'documents from prior state court adjudications'" (quoting Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000))).

**A.**

Joseph first filed a version of this lawsuit in the United States District Court for the District of New Hampshire on

- 3 -

April 4, 2014.  After allowing Joseph to twice amend his complaint, the New Hampshire federal district court dismissed the lawsuit in part on August 4, 2014 and in full on October 8, 2014.[2]  Undeterred, Joseph filed another complaint in New Hampshire Superior Court on or about August 11, 2014.  He later amended that complaint on March 20, 2015.  Eventually, the New Hampshire Superior Court dismissed this amended complaint, without prejudice, on May 11, 2016.  That case, however, remains the subject of an appeal to the New Hampshire Supreme Court.

Disappointed but unfazed, Joseph turned southward and filed the instant lawsuit in Massachusetts Superior Court on July 5, 2016.  On November 4, 2016, the appellees successfully removed the case to the United States District Court for the District of Massachusetts.  Unfortunately for Joseph, moving south did not aid his cause: the Massachusetts federal district court granted the appellees' motion to dismiss Joseph's complaint on November 11, 2016, reasoning that Joseph's claims were barred by the relevant statute of limitations.[3]

---

[2] Initially, the New Hampshire federal district court only dismissed a subset of Joseph's claims, some with prejudice and others without prejudice.  Nonetheless, that court later dismissed the surviving claims as well, though it did so without prejudice.

[3] Although Joseph filed a response to Officer Woods's and the Town of Tyngsborough's joint motion to dismiss on November 3, 2016, he argues that his complaint was dismissed prematurely because the Massachusetts federal district court did not afford him an opportunity to respond to Jennifer's separate motion to dismiss, filed on November 7, 2016, before his allowed-for response period

**B.**

The crux of Joseph's current complaint alleges that Jennifer and Officer Woods conspired to illegally access and disseminate Joseph's private personal information. Specifically, Joseph asserts that Jennifer asked Officer Woods to give her this information "[i]n an effort to gain an advantage in" their divorce proceeding. Officer Woods then allegedly used this information to create a police report, a report that Jennifer later employed against Joseph in a restraining order hearing held on July 15, 2013.

---

expired on November 21, 2016. However, even if the Massachusetts federal district court did set this response deadline (the record is unclear on this point), its actions did not prejudice Joseph. As we will explain, this is because the appellees' statute of limitations argument as to Joseph's first set of claims--those pertaining to Officer Woods's alleged accessing and disclosure to Jennifer of Joseph's personal information--would clearly succeed regardless of the content of his response to Jennifer's separate motion to dismiss. We agree with other courts that have said that "although we disfavor . . . dismissals before the losing party has an opportunity to respond, . . . such a 'dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [him] an opportunity to amend [his] complaint would be futile.'" Knight v. Mooring Capital Fund, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). Therefore, we discern no reversible error on the facts of this case. As to Joseph's second set of claims, because we disagree with the district court and find these claims to be timely, we need not address whether Joseph was prejudiced by the district court's decision to dismiss these claims prior to the expiration of Joseph's allowed-for response period to Jennifer's separate motion to dismiss.

Joseph proceeds to levy two sets of claims against the appellees. The first set of claims revolves around Officer Woods's alleged accessing and disclosure of Joseph's personal information to Jennifer. Based on these acts, Joseph asserts that the appellees intentionally and/or negligently inflicted emotional distress on him, breached his privacy, contravened the Massachusetts criminal offender record information ("CORI") statutory scheme, Mass. Gen. Laws ch. 6, § 172. In this set of claims, Joseph also brought suit under 42 U.S.C. § 1983 for alleged violation of his constitutional rights. Meanwhile, the second set of claims concern Jennifer's public disclosure of the allegedly false police report. Based on this act, Joseph alleges that the appellees cast him in a false light,[4] defamed him, and gave improper publicity to his private matters.[5]

---

[4] As an aside, we note that "false light" has thus far not been recognized as a cause of action in Massachusetts. See Ayash v. Dana-Farber Cancer Inst., 822 N.E.2d 667, 681 n.16 (Mass. 2005); ELM Med. Lab., Inc. v. RKO Gen., Inc., 532 N.E.2d 675, 681 (Mass. 1989), abrogated on other grounds by United Truck Leasing Corp. v. Geltman, 551 N.E.2d 20 (Mass. 1990).

[5] Though not specifically pled as such, this count appears to be an action for public disclosure of private facts pursuant to Mass. Gen. Laws ch. 214, § 1B. This statute prohibits "disclosure of facts about an individual that are of a highly personal or intimate nature when there exists no legitimate, countervailing interest." Bratt v. Int'l Bus. Machs. Corp., 467 N.E.2d 126, 133-34 (Mass. 1984). We take no position as to whether the contents of the police report possess such a nature or whether they implicate such interests.

Joseph admits that he believed Jennifer and Officer Woods were conspiring together, to his detriment, prior to the July 15 hearing. First, Joseph noted in the April 4, 2014 complaint he filed in the New Hampshire federal district court that Jennifer "had made several references to [Joseph] prior to [July 1, 2013] of various things she believed to be on his record" and that "[i]t [wa]s obvious that W[oods] must have been feeding her private information as he, as a police officer, has access to private information." Likewise, Joseph conceded in his opening brief to this court that he "had [engaged in a] discussion with . . . Jennifer . . . prior to July 1, 2013 in which he began to suspect that she was conspiring with someone in order to obtain leverage in their divorce matter." Along similar lines, the record indicates that Jennifer filed for a restraining order against Joseph on July 1, 2013. In support of that filing, Jennifer submitted an affidavit indicating that she had "just become aware" through a "mutual friend" that Joseph had "purchased 40+ firearms in the last 12 months." Joseph received a copy of this affidavit the next day, July 2, 2013.

Second, Joseph acknowledged in his Objection to the Defendants' Motion to Dismiss, filed in this case with the Massachusetts federal district court, that "[y]es, [he] believed prior to the date that he finally received [Officer Woods's] report

that . . . Shawn [sic] Woods and Jennifer Chalifoux were in league." As to why he may have held this belief, the record shows that Tyngsborough police officers searched Joseph's car and his girlfriend's apartment for weapons on July 1, 2013. Officer Woods was the primary leader of these searches, and Joseph was present for them. Moreover, Officer Woods allegedly told Joseph, at the time of the search, that he "went to high school with [Jennifer] but hadn't seen or talked to her in twenty years."

## II.

We review a district court's order granting a motion to dismiss under Rule 12(b)(6) de novo. Guadalupe-Báez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016). Both parties agree that Massachusetts law governs this case, and that Joseph's claims sound in tort. Thus, the narrow and dispositive question in this case is whether the district court properly dismissed Joseph's complaint pursuant to the Massachusetts three-year statute of limitations for tort claims. See Mass. Gen. Laws ch. 260, § 2A ("Except as otherwise provided, actions of tort . . . shall be commenced only within three years next after the cause of action accrues.").[6] In these circumstances, "we will affirm only if the record, construed in the light most flattering to the pleader,

---

[6] Joseph does not dispute that the three-year statute of limitations, absent any applicable tolling, applies to all his claims.

leaves no plausible basis for believing that the claim may be timely." González Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 (1st Cir. 2009) (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

After reviewing the record, we conclude that Joseph's first set of claims, meaning those claims that relate to Officer Woods's alleged accessing and dissemination of Joseph's personal information, accrued prior to July 5, 2013, and are therefore time-barred. However, we also conclude that Joseph's second set of claims, meaning those claims that relate to the presentment of the police report during the July 15, 2013, restraining order hearing, accrued after July 5, 2013, and are not time-barred. For that reason, as explained below, we reverse in part and remand the case for further proceedings.

**A.**

The limitations period specified in section 2A commences "after the cause of action accrues." Mass. Gen. Laws ch. 260, § 2A. Generally, "causes of action in tort . . . accrue . . . at the time the plaintiff is injured." Joseph A. Fortin Const., Inc. v. Mass. Hous. Fin. Agency, 466 N.E.2d 514, 516 (Mass. 1984). In this case, Joseph's own allegations and admissions indicate that he knew someone had accessed and disseminated his private

information prior to July 5, 2013.[7] See supra at 7-8; cf. Polay v. McMahon, 10 N.E.3d 1122, 1126 (Mass. 2014) (noting that "a plaintiff . . . may support a claim of invasion of privacy by showing that a defendant has intruded unreasonably upon the plaintiff's 'solitude' or 'seclusion,'" suggesting that such a claim can accrue at the time a defendant accesses a plaintiff's private information (quoting Ayash, 822 N.E.2d at 681 n.16, Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 567 N.E.2d 912, 914 (Mass. 1991), and Amato v. Dist. Attorney for the Cape & Islands Dist., 952 N.E.2d 400, 409 (Mass. App. Ct. 2011))). Therefore, because Joseph's first set of claims accrued prior to July 5, 2013, and because he filed the instant suit in Massachusetts Superior Court on July 5, 2016, these claims are time-barred as to all defendants.[8]

---

[7] We note that Joseph has waived any argument to the effect that these claims may nonetheless be timely if he did not know Officer Woods's identity until a later date. See Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011) (stating that "we deem waived claims not made or claims adverted to in a cursory fashion, unaccompanied by developed argument").

[8] In his briefing to this court, Joseph has indicated a willingness to voluntarily dismiss the Town of Tyngsborough from this case. Because his arguments on the statute of limitations issue focus almost exclusively on the actions taken by Woods and Jennifer, we take no position on the question of the Town's continued status as a party with respect to the remaining claims, but we encourage the district court on remand to address Joseph's willingness to streamline his complaint by voluntarily dismissing the Town as a defendant.

- 10 -

**B.**

In an effort to salvage these claims, Joseph launches a barrage of unsuccessful attempts to bridge the temporal gap and evade the statute of limitations altogether. To start, he maintains that the Massachusetts federal district court should not have dismissed two of his claims against Officer Woods--the alleged defamation claim and the alleged CORI violation--because the statute of limitations should have been equitably tolled during the period he litigated those same claims in New Hampshire federal and state court proceedings. Doing so, he argues, would extend the permissible filing period, and his complaint would be considered timely.

However, Joseph did not raise his equitable tolling argument before the Massachusetts federal district court. "No precept is more firmly settled in this circuit than that theories not squarely raised and seasonably propounded before the trial court cannot rewardingly be advanced on appeal." Lawton v. State Mut. Life Assurance Co., 101 F.3d 218, 222 (1st Cir. 1996). To that effect, where a plaintiff fails to present arguments to the district court, we have consistently refused to consider those arguments for the first time on appeal.[9] Thus, by failing to

---

[9] See, e.g., Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 40 n.9 (1st Cir. 2006) (refusing to examine plaintiff's argument that equitable tolling saved her Federal Tort Claims Act claims when that argument was "not raised below" and

- 11 -

present his equitable tolling argument to the district court, Joseph waived the issue.

Furthermore, Joseph makes the conclusory argument that his defamation and CORI-related claims against Jennifer are timely under the so-called "relation back" doctrine. However, he fails to develop any argument in support of that assertion. Therefore, we conclude that Joseph waived this matter as well.[10] See, e.g., Mazariegos v. Lynch, 790 F.3d 280, 285 n.5 (1st Cir. 2015) (providing that undeveloped arguments devoid of legal support are waived on appeal).[11]

---

was "developed only perfunctorily on appeal"); Landrau-Romero v. Banco Popular De P.R., 212 F.3d 607, 612 (1st Cir. 2000) (declining to consider plaintiff's argument that equitable tolling saved his employment discrimination claim when that argument was not made to the district court); see also Vázquez-Rivera v. Figueroa, 759 F.3d 44, 49 (1st Cir. 2014) (holding that an argument not made to the district court is waived).

[10] While we find the equitable tolling and "relation back" arguments to have been waived, as we note in Section II.C, infra, we find that Joseph's defamation claims survive because they are tied to a different accrual date that falls within the statute of limitations.

[11] For similar reasons, we reject Joseph's argument based on the Massachusetts "discovery rule," which applies "in circumstances where the plaintiff did not know or could not reasonably have known that he or she may have been harmed by the conduct of another." Koe v. Mercer, 876 N.E.2d 831, 836 (Mass. 2007). Here, outside of a passing citation to Koe and to Harrington v. Costello, 7 N.E.3d 449 (Mass. 2014), Joseph does not develop any argument for how the discovery rule applies to the pre-July 5th injury that resulted from the accessing of his personal information and the information's disclosure to Jennifer. We therefore deem this argument waived.

With none of these arguments helping Joseph, we affirm dismissal of Joseph's tort claims for which we find the accrual date for statute of limitations purposes to have been prior to July 5, 2013. Specifically, this group of time-barred claims comprises Joseph's allegations of intentional and/or negligent infliction of emotional distress and breach of privacy, as well as his allegations that the appellees violated the CORI statutory scheme. We also affirm dismissal of his 42 U.S.C. § 1983 claim.

## c.

The accrual dates of Joseph's second set of claims, however, are tied to a different injury. In defamation cases, "the general rule is that the cause of action accrues, and the statute of limitations begins to run, on publication of the defamatory statement." Flynn v. Assoc. Press, 519 N.E.2d 1304, 1307 (Mass. 1988). Publication occurs "when [a statement] is communicated to a third party." Harrington, 7 N.E.3d at 453-54. Similar principles apply with respect to his other claims in this second set of claims, which are simply variations of a disclosure-based invasion of privacy claim. See Bratt, 467 N.E.2d at 133-34.

In this case, after reading the factual allegations in the complaint in the light most favorable to Joseph, as we must for purposes of a Rule 12(b)(6) motion, we conclude that the date of injury for these claims appears to be the date of the

- 13 -

restraining order hearing, July 15, 2013, as that was the date that Jennifer publicly disclosed Officer Woods's police report. It was not until this date that the alleged defamatory statement(s) (the allegedly false information contained in the police report) was "communicated to a thirty party," Harrington, 7 N.E.3d at 454, during the hearing.  Therefore, for Joseph's complaint to be timely, his suit must have been brought within three years of the July 15th hearing.  Because Joseph brought his suit on July 5, 2016, his complaint, at least with respect to these claims, fits within the three-year statute of limitations.

We therefore find that the district court erred in dismissing Joseph's defamation claims, his false light claim,[12] and his claim for giving publicity to private matters, and we vacate the dismissal of these claims.

**III.**

We recognize that the instant suit is just the latest stop on Joseph's New England litigation tour.  On remand, we encourage the district court to allow for further factual development, and we leave open the possibility that alternate bases for dismissal of these claims may be available, including, for

---

[12] Because our ruling is limited to the question of the timeliness of Joseph's claims, we take no position on the question of whether this cause of action can be sustained under Massachusetts law.  But see supra n.4 (citing Massachusetts cases where state courts have thus far declined to recognize the tort of false light).

example, for failure to state a claim or on grounds of collateral estoppel.

However, because our role as an appellate court at this juncture is limited to the very narrow question of whether Joseph's tort claims were filed within the applicable statute of limitations, we take no position on the merits of Joseph's claims. Because the set of claims relating to Jennifer's public disclosure of Joseph's police report accrued on July 15, 2013, we conclude that these claims are not time-barred. Accordingly, we **reverse** the district court in part, **vacate** the dismissal of Joseph's complaint, and **remand** the case for further proceedings on the surviving claims. Costs are taxed in favor of the appellant.