# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4464
_____

Eileen L. Zell

*Plaintiff - Appellant*

v.

David Dale Suttle; Michael Mindlin; Elizabeth Kurila, also known as Elizabeth Mindlin

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 26, 2017
Filed: December 21, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Eileen Zell appeals following the dismissal of her civil action, which arose from a dispute over repayment of a loan she extended to defendants. We affirm in part, reverse in part, and remand to the district court for further proceedings.

In the district court, Zell brought Missouri state law claims for breach of promissory note, promissory estoppel, breach of contract, and fraud, as well as federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Zell alleged in her complaint that defendants had previously brought a declaratory action in an Ohio state court, she filed a counterclaim and third party complaint seeking recovery of the full amount owing on the loan, and the state court denied her relief as barred by the applicable Ohio statute of limitations. Zell contended that the breach-of-promissory note, promissory-estoppel, and breach-of-contract claims in this diversity case are governed by Missouri's longer statute of limitations. The district court dismissed Zell's complaint, finding all her claims precluded by res judicata. Zell argues that the district court erred in its res judicata analysis; by dismissing one defendant for failure to serve; and by denying as moot defendants' motion to transfer, rather than denying the motion on its merits.

To determine the effect of the Ohio judgment, we apply Ohio law. See Schaefer v. Putnam, 827 F.3d 766, 769-70 (8th Cir. 2016) (de novo review of dismissal based on res judicata; law of forum that rendered first judgment controls res judicata analysis). After careful review, we conclude that, in these circumstances, involving contract-related claims arising out of a dispute between parties who do not live in Ohio over a loan made in Missouri, the Ohio courts would apply the "traditional rule" as articulated in Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 504 (2001), that "expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." See Rick v. Wyeth, 662 F.3d 1067, 1072 (8th Cir. 2011). We thus conclude the Ohio judgment does not preclude Zell's action in the district court, and we reverse the district court's dismissal insofar as it was based on res judicata. Nevertheless, we affirm the dismissal of Zell's fraud and RICO claims because we conclude that she failed to allege sufficient facts to support those claims.

See <u>Spirtas Co. v. Nautilus Ins. Co.</u>, 715 F.3d 667, 670-71 (this court may affirm on any basis supported by the record).

Finding Zell's remaining arguments lack merit, we affirm in part; reverse the dismissal of her claims for breach of promissory note, promissory estoppel, and breach of contract; and remand for further proceedings not inconsistent with this opinion. We deny the pending motion for sanctions.

_____